(No. 30974.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WINFRED WILLIAMS, Plaintiff in Error.

*Opinion filed May 19, 1949.*

Winfred Williams, *pro se.*

Ivan A. Elliott, Attorney General, of Springfield, and Richard T. Carter, State's Attorney, of Belleville, (Harry L. Pate, of Tuscola, of counsel,) for the People.

Mr. Justice Crampton delivered the opinion of the court:

This writ of error to the circuit court of St. Clair County was issued at the instance of plaintiff in error, Winfred Williams, who appears *pro se.* He is presently confined in the penitentiary, and the case is before this court on the common-law record alone. He asks not only that this judgment be reversed but that the judgment and sentence be vacated without remanding and that he be discharged.

While Williams was serving a sentence in the penitentiary, he was paroled in April, 1944, to the State of Washington. On November 12 of that year the Washington parole authorities gave him permission to visit in Lovejoy, Illinois. A grand jury in St. Clair County returned an indictment in January, 1945, jointly charging Williams and one Neal with armed robbery. Neal was tried and convicted in that month, and the case against Williams was removed from the docket (with leave to reinstate) because he could not be found. In May, 1946, the case against him

was reinstated and an *alias capias* ordered issued. Williams was returned from the State of Washington on October 1, 1947, as a parole violator. The record supplied by him shows he was arraigned the same day, pleaded not guilty, and an attorney was appointed by the court to defend him. The record filed shows the case was continued on December 15, 1947, by agreement of the parties. The record as supplied by Williams states, "Now on this 18th day of March, A.D. 1948, come the People * * * and the defendant, Winfred Williams be in open court in the custody of the sheriff, this case is called for trial and both sides announcing ready, * * *." The case was tried before a jury, and Williams was found guilty and sentenced to the penitentiary for a minimum of five years and a maximum of seven years.

Williams filed in the circuit court of St. Clair County on December 14, 1948, a motion in the nature of a writ of error *coram nobis*. That court held it failed to show errors of fact sufficient to require correction of the judgment and denied the motion.

In this court Williams assigned error on the dismissal of his motion, and also assigns other errors allegedly arising on the trial of the case but shown only by the common-law record.

He contends the indictment does not define a crime under the statute because it fails to charge the robbery was committed "unlawfully, maliciously and wilfully." Section 246 of division I of the Criminal Code defining robbery (Ill. Rev. Stat. 1947, chap. 38, par. 501,) only characterizes the crime as "the felonious and violent taking of money, goods or other valuable thing, from the person of another by force or intimidation." The indictment followed the above and it was not necessary to allege the defendants "unlawfully, maliciously and wilfully" robbed their victim. (Ill. Rev. Stat. 1947, chap. 38, par. 716.) The indictment was sufficient to inform Williams of the nature of the

charge he had to meet, and he was not handicapped in anywise in the preparation of his defense. That is all the law requires. *People* v. *Shaffer*, 400 Ill. 332.

He also believes he was not given a trial within the statutory four months following his arrest, as he was confined in jail all the time, from his arrest on October 1, 1947, until tried on March 18, 1948. The failure to try him within the statutory period was due to his agreement to an indefinite continuance; hence, the statute does not apply. *People* v. *Stillman*, 391 Ill. 227.

He argues also the trial court erred in holding the cause in abeyance from the time the case was redocketed on May 10, 1946, until he was arraigned on October 1, 1947. That, he contends, denied him the speedy trial he was entitled to under the sixth amendment of the Federal constitution. That amendment does not apply to proceedings in the State court. (*Howard* v. *Kentucky*, 200 U.S. 164, 50 L. ed. 421.) He also thinks the same circumstance violated the due-process clause of the fourteenth amendment of that constitution. The record discloses he was unavailable for trial from the return of the indictment in 1945 until he was brought from the State of Washington and placed in the custody of the sheriff in St. Clair County, October 1, 1947. The demand of the due-process amendment is complied with if trial is had according to the settled course of judicial procedure of the involved State, and the laws operate upon all persons alike and do not subject the individual to arbitrary exercise of the powers of the government. (*Minder* v. *Georgia*, 183 U.S. 559, 46 L. ed. 328; *People* v. *Rettich*, 332 Ill. 49.) Williams was not denied due process of law, for, in the light of the agreed continuance for an indefinite time, he was speedily tried after his return to Illinois.

The record supplied by Williams does not show he was represented by counsel when arraigned and tried. The People, on motion allowed, furnished this court a corrected

version of the common-law record wherein it is shown the trial court appointed an attorney to represent Williams. This attorney functioned in his behalf at the arraignment, the continuance of the case, and the trial. This nullified all the points raised by Williams in respect to trial without the benefit of counsel.

Williams assigns error because of the dismissal by the trial court of his *coram nobis* proceeding. This court in recent years has often stated the substantive and procedural fundamentals of that action, and they need not be repeated herein. The crux of the question here involved is whether Williams before and at the time of trial had knowledge of certain evidentiary circumstances pertaining to an alibi defense, which he evidently did not urge at this trial. From the statements contained in his brief and the exhibit attached to his motion appearing in the record it is apparent Williams did possess such knowledge and neither he nor his counsel made any endeavor to invoke the defense of alibi. If he really had a valid alibi it was lost to him by his own negligence, and the judgment was not induced by either fraud, duress, or excusable mistake. In *People* v. *Bruno*, 346 Ill. 449, this court held that the failure of the defendant to present an alibi defense which was known to him at the time of the trial was negligence. In *People* v. *Ogbin*, 368 Ill. 173, we said, "All of the facts stated as grounds for relief in defendant's motion were facts which were known to him at the time of his trial. They were not brought to the attention of the court by reason of his own negligence. Defendant, therefore, was not entitled to the relief sought and the trial court properly denied the motion."

The circuit court of St. Clair County did not err in denying the motion in the nature of a writ of error *coram nobis;* and no reversible error was committed by that court in respect to the other errors assigned by plaintiff in error. The judgment is, therefore, affirmed.

*Judgment affirmed.*