(No. 35581.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CARL HAMBY, Plaintiff in Error.

*Opinion filed March 22, 1963.—Rehearing denied May 29, 1963.*

494

BERNARD J. HENNESSY, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and RICHARD T. BUCK, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Defendant, Carl Hamby, was found guilty of armed robbery after a jury trial in the criminal court of Cook County and was sentenced to the penitentiary for a term of 25 years to life. He prosecutes this writ of error contending that he was not afforded a timely or speedy trial, thereby depriving him of both statutory and constitutional rights and entitling him to discharge.

So far as we can ascertain from the record presented, defendant was arrested on or prior to October 1, 1954, and committed to jail. On that date he was arraigned under indictment No. 54-2022 and entered a plea of not guilty but, on January 19, 1955, withdrew his plea and moved to quash the indictment on the principal ground that

count 2 thereof, an habitual criminal count, alleged a 1926 conviction which was later determined to be void. By the express agreement of both sides the hearing on this motion was continued until February 18, 1955, at which time defendant's counsel was granted a further continuance to March 23. Thereafter on March 22, 1955, indictment No. 55-736 was returned against defendant alleging substantially the same charges as the earlier indictment but omitting any reference to the 1926 conviction. Again by agreement of the parties, the cause was continued to April 1, 1955, at which time indictment No. 54-2022 was dismissed upon the People's motion.

On April 1, 1955, defendant also moved to quash the second indictment and the cause was continued by agreement of both sides until May 20, 1955. When the latter date was reached defendant filed a petition requesting discharge for the failure of the People to prosecute within the four-months statutory period, but the petition was denied and the cause continued by agreement until June 8, 1955. It is the denial of this petition which forms in part the basis for the contentions made on this appeal. Subsequent events show that the People dismissed count 2 of the second indictment on June 8, 1955; that defendant moved to suppress an alleged confession from evidence on September 15, 1955; and that after many continuances, most of which were by agreement of the parties, defendant's trial commenced on May 21, 1956.

Section 9 of article II of our constitution guarantees to the criminally accused a right to a speedy public trial, and section 18 of division XIII of the Criminal Code, (Ill. Rev. Stat. 1953, chap. 38, par. 748,) designed to implement the constitutional guarantee, provides in substance that where an accused has not been admitted to bail, he must be tried or discharged within four months from the date of his commitment, unless he caused the delay. Where, however, the accused has sought and obtained a continu-

ance, or agrees to a continuance, or in any manner causes delay in trial by his own action, the four-months period is renewed and starts to run again from the date the delay occurred, or to which the cause was continued. *People* v. *Stahl,* 26 Ill.2d 403; *People* v. *Rankins,* 18 Ill.2d 260.

As noted before, the delay relied upon by defendant is that occurring between January 19, 1955, when he filed a motion to quash the first indictment, and May 20, 1955, when his petition for discharge was denied. And although defendant recognizes that this period of delay was caused by his own motions to quash the indictments, he urges that it should not be attributed to him because of the People's failure to present properly drawn indictments. Despite its novelty and ingeniousness, this theory is wholly without merit. While the original indictment and count 2 of the second indictment were *nolle prossed* by the People, there was no determination by the court as to their validity, nor was there any showing or suggestion that they had been procured by fraudulent means or for an unlawful purpose. At most they were inartistically drawn, and while the People may not *nolle prosse* and re-indict solely for the purpose of defeating the four-months statute, the motions to test the validity of the indictments in this case and the delay occasioned thereby were correctly' charged to defendant. Were it otherwise the People would be obliged to either successfully defend all such motions or incur the risk of the accused being discharged under the statute. Such perfection cannot be demanded, even of the People, nor should such a weapon to permit potential abuse be placed in the hands of an accused. Furthermore, in this case, even accepting defendant's theory for the purpose of argument, it fails to explain or consider the continuances which were granted upon defendant's request or assent, even after the motions attacking the indictments had been filed.

Apart from his claim based on the statute, defendant

also contends that he was denied his constitutional right to a speedy trial, inasmuch as a period of approximately 20 months intervened between his indictment and trial. This provision of our Bill of Rights (Ill. Constitution of 1870, art. II, sec. 9,) does not fix a specific time limitation for trial but guarantees only against arbitrary and oppressive delays, (*People* v. *Stillman,* 391 Ill. 227; *People* v. *Hartman,* 408 Ill. 133,) and, moreover, is a personal right which may be waived by an accused. (*People* v. *Sweeney,* 409 Ill. 223.) We find no arbitrary or oppressive delay occasioned by the People here, but delay which, for the most part, was occasioned either at defendant's request or with his agreement.

Defendant's final contention that the People, in drafting the indictments, knowingly referred to prior convictions which were void and thereby denied him due process of law is likewise without merit. Not only is there an absence of any showing that the People acted fraudulently, but substantially the same claim in a different setting has already been determined against defendant in *United States ex rel. Hamby* v. *Ragen,* (1949) (7th cir.) 178 F.2d 379.

After carefully considering defendant's contentions, it is our opinion that neither his statutory nor constitutional rights were denied him in the respects claimed. Accordingly, the judgment of the criminal court of Cook County is affirmed.