**People of the State of Illinois, Plaintiff-Appellant, v. John Markword, Defendant-Appellee.**

**Gen. No. 10,985.**

Fourth District.

May 22, 1969.

Donald G. Adams, State's Attorney of Adams County, of Quincy, and William A. Brown, Assistant State's Attorney, for appellant.

Harold L. Madsen, Public Defender, of Quincy, for appellee.

CRAVEN, J., delivered the opinion of the court.

Section 103–5(a) of c 38, Ill Rev Stats 1967, provides, so far as is relevant to this appeal, that every person in custody in this state for an alleged offense shall be tried within 120 days from the date he was taken into custody unless the delay is occasioned by

the defendant. This provision and its predecessors are statutory enactments designed to implement the constitutional right to a speedy trial as found in art II, section 9, of the constitution. People v. Love, 39 Ill2d 436, 235 NE2d 819 (1968). In People v. Gray, 83 Ill App2d 262, 227 NE2d 159 (4th Dist 1967), we reviewed the general principles announced in the many cases arising under this or like statutory provisions. Those principles are that the 120-day statute is intended to give a right of discharge upon a want of prosecution within the time specified. The cases have made it very clear that the statute contemplates that all means which are available should be used, and the burden is upon the State to try offenses promptly in compliance with this statutory burden. Technical evasions arising through either intent or inadvertence of the court or the prosecutor will not be permitted to ascribe to a defendant a continuance or a delay that is not actual so as to toll the running of the statute. See People v. Wyatt, 24 Ill2d 151, 180 NE2d 478 (1962); People v. Bryarly, 23 Ill2d 313, 178 NE2d 326 (1961); People v. House, 10 Ill2d 556, 141 NE2d 12 (1957); People v. Emblen, 362 Ill 142, 199 NE 281 (1935); People v. Fosdick, 36 Ill2d 524, 224 NE2d 242 (1967).

We turn now to the chronology of this case which resulted in the trial court's granting the defendant's motion for discharge and this appeal by the People from the order of discharge.

The defendant was taken into custody on Friday, August 18, 1967, and charged with the offense of burglary. He requested a preliminary hearing and this hearing was held on August 29. Probable cause was found and the defendant was bound over to the grand jury and remanded to the custody of the sheriff in lieu of bond. The defendant remained continuously in custody at all times recited in this chronology.

The defendant's case was presented to the Adams County grand jury on December 13, 1967. An indict-

ment was returned on December 14. On Friday, December 15, the 119th day of defendant's custody, the defendant appeared in the circuit court with his court-appointed counsel, was arraigned, entered a plea of not guilty, and the case was set for trial December 18.

The attorney for the defendant then requested a continuance of the jury trial. He asked and obtained leave to file preliminary motions. The continuance was granted and the matter was reset for jury trial on January 8, 1968. On December 15, a motion for a bill of particulars for transcript of the preliminary hearing and for production of certain items of physical evidence and for a copy of any written confession, as well as for a list of witnesses, was filed.

At the time of the arraignment, it is clear from the record that the court and counsel were very mindful of the impending 120-day issue as it related to this case. The court appearance resulting in the continuance was followed soon thereafter, also on December 15, 1967, by another appearance by all parties. At the later appearance the defendant made an oral motion to withdraw his previous motion for a continuance. In reply to that motion the State's Attorney indicated no opposition to a continuance and a readiness to proceed with the trial of the case. This hearing was recessed over the noon hour and then resumed. At the expiration of the recess the court inquired of the State's Attorney his views on the motion to withdraw the motion for a continuance. The State's Attorney observed that ". . . we could oppose the motion for the matter of the record. Of course, he is withdrawing his own motion, but counsel has already made a request for a continuance . . . ." The State's Attorney again advised the court of his readiness to proceed to trial.

The motion to withdraw the motion for a continuance was granted and the case was set for trial December 18, 1967, the same date for which it was set prior to the motion for continuance. The other motions made by the

471

defendant, previously alluded to, were allowed, some without objections by the People. At 2:15 p. m. on Friday, December 15, these motions were allowed and the State indicated its ability to comply with most of them by 4:30 p. m. that day. The order for production of the transcript of the preliminary hearing provided for compliance on or before Monday, December 18, 1967, at 9:30 a. m.

On December 18, 1967, the 122nd day after he was taken into custody, the defendant filed his motion for discharge under the 120-day statutory provision. The trial court discharged the defendant.

We are aided in this case by a clear and concise statement by the trial judge supporting his action and by timed report of proceedings of the various court appearances on December 15, 1967, the 119th day. The trial court concluded, and indeed we think there is no controversy, that the 120 days started on August 18, 1967. The record shows and the trial judge found that the defendant made his motions for a list of witnesses, production of evidence, confession, bill of particulars and transcript of preliminary hearings at the earliest possible time he could have made such motions, i. e., the day he was arraigned. It is, of course, unnecessary to cite authority for the proposition that the defendant has an absolute right to wait until the grand jury has acted.

As to the motions that were filed, the trial court observed: "He had the right to them, he had the right to information before proceeding to trial. This right is expressly conferred upon him and he was not in any way delaying. It appears to me that without attempting to fix fault in any sense, that the defendant has been held in custody for more than 120 days, he is entitled to be discharged, . . . ." We agree. In this case the defendant was held in custody for 118 days prior to the return of an indictment. The motion for continuance that

472

was made, allowed and withdrawn, all on the same day, cannot in the context of this record be said to have been a delay occasioned by the defendant. The action on that motion delayed nothing, changed nothing and cannot, therefore, be said to be a delay "occasioned by the defendant." The judgment of the Circuit Court of Adams County is affirmed.

Judgment affirmed.

TRAPP, P. J. and SMITH, J., concur.