**People of the State of Illinois, Plaintiff-Appellant, v. James Siglar, Defendant-Appellee.**

Gen. No. 70–20.

Fifth District.

July 14, 1970.

EBERSPACHER, J., dissenting.

Don P. Koeneman, State's Attorney of Randolph County, of Chester, and D. McMeekin Conn, Assistant State's Attorney, for appellant.

Earl S. Hendricks, of Murphysboro, for appellee.

GOLDENHERSH, J.

The People of the State of Illinois appeal from the judgment of the Circuit Court of Randolph County discharging defendant from custody upon allowance of his motion based upon section 103–5 of the Code of Criminal Procedure of 1963 (c 38, § 103–5, Ill Rev Stats).

The record shows that on January 3, 1969, the Grand Jury in and for Randolph County returned a six-count indictment charging defendant and two other individuals with the offenses of Escape (c 108, § 121, Ill Rev Stats 1967); Kidnapping (c 38, § 10–1(a), 2); Theft, two counts, (c 38, § 16–1(a)); Burglary (c 38, § 19–1); and Armed Robbery (c 38, § 18–2). The offenses are alleged to have been committed on December 21 and 22, 1968, while defendant was an inmate of the Illinois State Penitentiary at Menard.

The record shows that on January 23, 1969, defendant appeared in open court, at which time he was given a

copy of the indictment, the court explained the nature of the charges and upon ascertaining that defendant was unable to employ counsel, appointed counsel for him. The case was set for trial on February 24, 1969.

On February 20, 1969, defendant was formally arraigned on these charges and entered his plea of not guilty. At that time his appointed counsel moved for, and was granted a continuance from the trial docket of February 24, 1969, for the purpose of preparation and to file certain motions. The Court granted defendant thirty days in which to file pretrial motions.

On March 10, 1969, defendant filed motions for a Bill of Particulars, Discovery and Production of Objects and Statements, and for Change of Place of Trial. These motions were set for hearing on April 18, 1969. The record does not indicate a formal hearing on that date, but a docket entry reflects that the motions were continued indefinitely at the request and agreement of all counsel.

Upon expiration of his sentence on May 13, 1969, defendant was released from the Illinois State Penitentiary. On that date he was taken into custody by the Sheriff of Randolph County and thereafter was incarcerated in the Randolph County jail.

On August 25, 1969, defendant's appointed counsel made an oral motion for dismissal of the indictment on the basis of the "120-Day Rule" because defendant had not been brought to trial within 120 days of the last delay occasioned by him while in custody. At that time defendant's counsel also moved for a "Mental Hearing" and examination by a qualified psychiatrist. On September 2, 1969, defendant's motion for discharge was denied. At the request of defendant and counsel, appointed counsel was granted leave to withdraw and other counsel was appointed.

On September 25, 1969, defendant by his newly appointed counsel renewed his motion for discharge based upon chapter 38, paragraph 103–5(a), Ill Rev Stats 1967.

A hearing was held and defendant's first appointed counsel testified he could not recall any agreement with respect to the continuance of the hearing set for April 18. The court stated that the only attorney who appeared on April 18, 1969, was defendant's appointed counsel who advised the court "these matters were going to be continued because they were not ready for trial anyway at this time."

On November 24, 1969, the court entered an order reciting that on February 20, 1969, the court heard and granted defendant's motion for continuance, that it was a general continuance and

> "That this Court heretofore set certain motions in this cause for hearing on April 18, 1969. That on April 18, 1969 William A. Schuwerk then counsel for said Defendant appeared in open court and informed the Court that he had orally agreed with the State's Attorney and the attorney for the Codefendant, Richard Sims that said motions would be continued to a later date and would not be heard on April 18, 1969, as shown by the docket entry in this case. That subsequent thereto said cause was set for trial on September 15, 1969. That the said Defendant was not informed and did not agree to the continuance on April 18, 1969 as shown by his testimony and further the Court on said date was not informed by said attorney that said Defendant did not agree thereto.

> "That no further action was taken by the State to prosecute said cause except for certain motions which were heard in this case on August 25, 1969. That the 120-day period provided for in chapter 38, section 103–5 (a) I. R. S. commenced running on April 18, 1969 by virtue of the motion setting on said date, and that said 120-day period expired prior to September 15, 1969, the date this case was set for trial. That the trial of the Defendant was not commenced

within the 120-day period as provided by said statute and the Defendant is therefore entitled to discharge pursuant to said statute."

and ordered the defendant discharged from custody.

The People's argument is twofold: First, that the continuance granted defendant in February 1969 was to the Fall criminal jury session and the statutory period would not begin to run until the Fall setting; and second, that on April 18 defendant's counsel agreed to an indefinite continuance of the matter, thereby tolling the statute until defendant demanded trial.

The People urge this court to take judicial notice of the fact that in Randolph County the custom ". . . is to hold two criminal jury settings a year, one in the Spring and one in the Fall . . . ," and when defendant moved for a continuance on February 20, 1969, it was with full knowledge that the case could not, and would not, be brought to trial until the Fall of 1969.

██ Our Supreme Court has held that the 120-day rule implements the defendant's constitutional right to a speedy trial, that the means available to meet its requirements shall be utilized and the burden of taking steps necessary to bring about a prompt trial rests with the People. The People v. Bryarly, 23 Ill2d 313, 178 NE2d 326. Unless the delay is occasioned by the defendant, failure to try him within the time specified entitles him to discharge. People v. Markword, 108 Ill App2d 468, 247 NE2d 914.

We have examined the authorities cited by The People, People v. Stillman, 391 Ill 227, 62 NE2d 698; People v. Green, 23 Ill2d 584, 179 NE2d 644; People v. Kuczynski, 33 Ill2d 412, 211 NE2d 687; People v. Whittenburg, 111 Ill App2d 484, 250 NE2d 686; and People v. Williams, 403 Ill 429, 86 NE2d 355, and find them clearly distinguishable.

260

In Stillman the trial was continued to the September Term, the first day of which was fixed by statute. The Supreme Court held the four-month period commenced to run on the first day of the term. In Green and Kuczynski, the trials were continued to definite dates. In Whittenburg, a stipulation entered into between the State's Attorney and the defendant, by counsel, provided for a continuance from March 21, 1968 "with the understanding that said case shall be scheduled for trial during the regular spring trial calendar normally scheduled in May."

People v. Williams appears to be authority for The People's contention that where defendant has agreed to an indefinite continuance the statute does not apply. We note that Williams, as authority for this proposition, cites Stillman (supra) which does not so hold. It is further noted that an examination of the Citator shows Williams has not been cited as authority that a general continuance makes the statute inapplicable, although it is cited at 57 ALR2d 321 as supporting the right of a defendant to waive his constitutional or statutory right.

██ In the absence of authority to the contrary we hold that the general continuance granted the defendant started a new 120-day period running as of February 24, 1969, the date from which the case was continued, and in the absence of a showing that defendant understood and agreed that his trial was being continued until sometime in September 1969, it was The People's burden to bring him to trial within 120 days of the date from which the case was continued. Whether there was a waiver of so important a right must be tested against Johnson v. Zerbst, 304 US 458, 58 S Ct 1020, wherein the Supreme Court, through Mr. Justice Black said, "A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege."

█ Assuming, arguendo, that the People are correct in their contention that the defendant's conduct delayed

the disposition of the motions on April 18, 1969, it is apparent from the record that the People had no intention of setting the case for trial prior to September, more than 120 days from either February 24 or April 18, 1969. It is equally clear that the continuance on April 18, 1969 did not in any manner affect the People's plans or intentions with respect to setting the case for trial.

Under the circumstances reflected in this record the trial court correctly ordered the defendant discharged and the judgment of the Circuit Court of Randolph County is affirmed.

Judgment affirmed.

MORAN, J., concurs.

EBERSPACHER, J., dissenting.

I am of the opinion that the rule stated in People v. Williams, 403 Ill 429, 86 NE2d 355, should control this case. In that case the defendant was arrested on October 1, 1947, and was tried on March 18, 1948, more than 120 days from the date of his arrest. At page 432 of that opinion the Court said:

> "The failure to try him within the statutory period was due to his agreement to an indefinite continuance; hence the statute does not apply."

Here the defendant was present in open court on February 20, 1969, when his attorney filed a written motion in which it was recited that the case was set for trial on February 24, 1969, and in which the prayer was "respectfully request a continuance in the above cause." He was present when the prosecution announced on that day that the State had no objection to the motion for continuance and the court announced that he would be willing to grant the continuance and that the case was "taken off

the trial docket for February 24th." This constituted the granting of defendant's motion and as the court found was a general continuance, to an indefinite date; precisely what defendant had requested. Here the indefinite delay was requested by defendant and the fact that the court did not make it to a date certain should not effect defendant's waiver of the 120-day rule.

Our statute (c 38, § 103–5, Ill Rev Stats) implementing our Constitutional provision for a speedy trial (Art II, Sec 9) is not operative where the delay is occasioned by the defendant. Neither the fundamental right to a continuance to adequately prepare a defense nor the fundamental right to a speedy trial should be depreciated to the status of a tactical move in a procedural game.

With reference to defendant's waiver of the fundamental right to a speedy trial, defendant has a choice (1) either to have his case continued to a definite date in which event there would be no question of his waiving the right to a speedy trial until that definite date with a new 120-day period starting on that date, or (2) seeking a general continuance for an indefinite time, in which event he should be considered to waive his right to a speedy trial for the same length of time as the trial of the case is continued at his request, i. e., indefinitely. A defendant should not by a motion for a general continuance be allowed to speculate that the administrative problems of a busy court and prosecutor will allow him to both "have his cake and eat it too."

In my opinion, there is no question whether the waiver of the defendant's right to a speedy trial (one within 120 days of his being available to authorities) was intentionally relinquished or abandoned. That waiver is by operation of law as spelled out in the statute in the words "unless delay is occasioned by defendant," so long as due process is not violated and there is no claim of any violation of due process in this case. He, as are all persons, is

charged with knowledge of the law; here, that if he occasioned the delay in his trial the right to a speedy trial was suspended, just as he is charged with knowledge that his alleged escape from the penitentiary was a violation of the law. Defendant here makes no contention that he did not understand the effect of his seeking and receiving the continuance he sought and in this factual situation there is no presumption that he was not aware of the 120-day rule, and his constitutional rights, both of which he personally argued to the Court, contending that his 120-day period started at the end of the 30-day period in which motions (other than for a continuance) were to be filed. See People v. Petropoulus, 34 Ill2d 179, 214 NE2d 765.

I am unable to understand the rationale by which the majority reach the conclusion that it was the burden of the People to bring defendant to trial within 120 days of the date *from* which the case was continued. Illinois cases uniformly hold that it is the People's burden to bring a defendant to trial within 120 days of the date *to* which the case was continued where the defendant sought the continuance,[1] and the holding in People v. Williams, supra, is that the statute does not apply where the failure to try the defendant within the statutory period was due to his agreement to an indefinite continuance. The fact that our Supreme Court cited People v. Stillman, 391 Ill 227, 62 NE2d 698, a case in which the defendant moved for and received a continuance to the September term which commenced on September 9 and in which it was held that his 120-day period commenced on September 9, in People v. Williams, supra, does not depreciate the latter case to the extent that this Court

---

[1] People v. Faulisi, 34 Ill2d 187, 215 NE2d 276; People v. Kuczynski, 33 Ill2d 412, 211 NE2d 687; People v. Bagato, 27 Ill2d 165, 188 NE2d 716; People v. Hayes, 23 Ill2d 527, 179 NE2d 660.

is not obligated to apply it in this case, in my opinion; this is particularly true in view of the fact that as late as 1967 our Supreme Court in People v. Fosdick, 36 Ill2d 524, 224 NE2d 222, recognized Williams by citing it as authority for the proposition that acquiescence on the part of counsel for defendant "to a new setting at an early date consistent with the business of the court" amounted to a delay occasioned by defendant and that defendant could not evade prosecution by creating the delay. Under such circumstances, the fact that the Citator does not show Williams as authority that a general continuance makes the statute inapplicable, fails to impress.

We are not here dealing with an arbitrary or oppressive delay nor has the State done anything to evade the right of defendant to a speedy trial, nor is any ulterior motive on the part of any official shown. Nor has defendant shown, either below or in this Court, that he was prejudiced by the general continuance which he sought. Even where it is not clear that the right to a speedy trial was denied whether the defendant was or was not in fact prejudiced through delay must be importantly considered. People v. Love, 39 Ill2d 436, 235 NE2d 819, and here the delay was not so prolonged that it must be deemed to have prejudiced the accused, were we to disregard his request for the delay. People v. Love, supra.

I would therefore reverse the order of discharge.