THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. EARL C. JONES, Defendant-Appellee.

(No. 11288;

Fourth District—February 2, 1971.

770

Richard A. Hollis, State's Attorney, of Springfield, (Arthur J. Inman, Assistant State's Attorney,) for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The Circuit Court of Sangamon County dismissed an indictment on motion of the defendant, concluding that the People did not afford the defendant a speedy trial subsequent to his written demand. This appeal by the People is from that order of dismissal.

A determination of the issue presented for review necessitates a chronological recitation of the proceedings as they transpired in the circuit court.

On March 17, 1969, a two-count criminal complaint was filed in the circuit court charging the defendant with armed robbery and unlawful use of a weapon. Bail was fixed and a preliminary hearing was requested. Thereafter, on March 20, on motion of the defendant, the preliminary hearing was continued to March 31, 1969. The defendant was released on bail.

On March 25, a series of motions was filed, labeled "Pre-Trial Motions", including a motion for list of witnesses, for discovery of physical evidence, for production of confession, for a bill of particulars, and finally a written demand for a speedy trial by jury. On March 28, all of these pretrial motions, other than the motion to dismiss, were allowed. The State was ordered to furnish the information by April 21, 1969. On April 1, 1969, the preliminary hearing was again continued, on the

motion of defendant's attorney, to April 8, 1969, and thereafter the same was cancelled by agreement of counsel.

On June 11, 1969, the defendant was indicted for armed robbery, robbery, battery, two counts of burglary, and two counts of theft over $150. Bond was set and the defendant was released on bond. So far as appears, the matters set forth in the indictment relate to the same transaction set forth in the March 17 two-count complaint.

On July 18, 1969, a motion was filed to dismiss the indictment, and on the same date a motion for statements of witnesses was filed, together with a repeat of the motions filed March 25, 1969, and allowed on March 28, 1969. Also, on July 18, 1969, another demand for speedy trial was filed. On September 10, 1969, there was a ruling on the pretrial motions. So far as here relevant, the motions were allowed except as to the motion to dismiss, and that motion was taken under advisement and then denied on September 12, 1969.

On September 30, 1969, the defendant filed a motion to suppress certain identification evidence. The motion to suppress was continued generally on motion of the State's Attorney.

On November 20, 1969, another motion for statements of witnesses and for copies of police reports was filed. It appears that the motion for statements of witnesses was allowed, and on the same date the court allowed a motion of the State's Attorney for disclosure of alibi witnesses. Arguments were heard on the motion to suppress, the matter was taken under advisement, and on December 2, 1969, that motion was denied.

On December 19, 1969, a motion to dismiss was filed asserting that the written demand for a speedy trial had been filed on March 25, 1969, and renewed on July 18, 1969, and asserting that the defendant had done nothing to occasion any delay. Thereafter, on December 30, 1969, the motion to dismiss was allowed and a written order was filed on January 13, 1970, reciting the basics of the chronology herein enumerated. The court, among other findings, found "the defendant has not contributed in anyway [sic] to the delay in this case." The court also found that the State's Attorney had not requested any extension of time within which to have this case set for trial.

Section 103—5(b) of ch. 38, Ill. Rev. Stat. 1967, provides, in substance, that every person on bail or recognizance shall be tried by the court having jurisdiction within 120 days from the date the defendant demands trial unless the delay is occasioned by the defendant or by other causes enumerated therein and not here relevant. The 120-day provision was changed to 160 days by an amendment to the section effective August 28, 1969. The sole issue presented here is whether the various

and sundry motions filed by the defendant occasioned delay attributable to the defendant so as to toll this statute.

In *People v. Gray*, 83 Ill.App.2d 262, 227 N.E.2d 159 (4th Dist. 1967), we had occasion to review the cited statutory provision. In the context of the right to a speedy trial for one incarcertated, the observations there made with reference to the object and purpose of the statute as being an implementation of the constitutional right to a speedy trial are appropriate here. The People are under a duty to prosecute within the time specified absent a delay occasioned by the defendant. The factual determination of the existence of such a delay occasioned by the defendant necessarily involves a consideration of the facts and circumstances in each case. Thus, in *People v. Hamby*, 27 Ill.2d 493, 190 N.E.2d 289, *cert.* denied, *Hamby v. Pate*, 372 U.S. 980, 83 S.Ct. 1116, 10 L.Ed.2d 145, *cert.* denied, 375 U.S. 857, 84 S.Ct. 120, 11 L.Ed.2d 84 (1963), under the facts there existent, the court held that a motion to dismiss an indictment constituted a delay attributable to the defendant. Such a motion, together with a motion that an assigned trial judge disqualify himself, was held to constitute delay attributable to defendant in *People v. DeStefano*, 85 Ill.App.2d 274, 229 N.E.2d 325, *cert.* denied, 390 U.S. 997, 88 S.Ct. 1197, 20 L.Ed.2d 95 (1st Dist. 1968). In *People v. Fosdick* (1967), 36 Ill.2d 524, 224 N.E.2d 242, the Supreme Court held that an effort by the defendant to waive a jury on the 120th day, while ordinarily such would expediate the proceedings, constituted a delay attributable to the defendant.

■■ Thus, motions by the defendant that necessitate a delay or that are dilatory in nature constitute a delay occasioned by the defendant and such will toll the statutory provision implementing the right to a speedy trial. In *People v. Iasello* (1951), 410 Ill. 252, 102 N.E.2d 138, motions for a separate trial and for a change of venue, both presented at a time when the case was on call for trial, resulted in a delay occasioned by the defendant. See the annotation in 57 A.L.R.2d 302.

■■■ In this case, the defendant sought and obtained continuances of the preliminary hearing. Such is clearly a delay attributable to the defendant. See *People v. Petropoulos* (1966), 34 Ill.2d 179, 214 N.E.2d 765. Once the defendant, by his action, interrupts the running of the statute, the new period is to be computed from the date occasioned by the continuance or the interruption. *People v. Bagato* (1963), 27 Ill.2d 165, 188 N.E.2d 716. In *People v. Clark* (3rd Dist. 1969), 104 Ill.App.2d 12, 244 N.E.2d 842, the court indicated that a motion for at bill of particulars filed, not called for hearing, and subsequently withdrawn constituted a delay attributable to the defendant.

■■ Thus, we see that various and sundry motions may cause delay, but a determination of that fact requires an examination into the then procedural posture of the case. The inquiry must be whether an act of the defendant, or some act to which he consented, necessitated a slowdown of the judicial process so as to delay the trial. If so, he cannot be heard to assert unreasonable delay. See *People v. Johnson* (1970), 45 Ill.2d 38, 257 N.E.2d 3.

We find in this case a series of motions starting within a week after the filing of the original criminal complaint in March of 1969. Likewise, within that week a demand for a speedy trial was filed. The motions filed throughout the ensuing period were motions that one would contemplate having filed in the ordinary course of a criminal proceeding. The series of motions filed in July appear to be substantially the same as the motions filed and allowed in March. The indictment and the criminal complaint that preceded it relate to the same transaction.

■■ Notwithstanding the fact that the defendant made a timely motion for a speedy trial, the motion to dismiss and the motion to suppress must necessarily have delayed this proceeding and such would, of course, interrupt the running of the statute. The order of the circuit court granting a discharge because of a denial of speedy trial is reversed and this cause is remanded to the circuit court for further proceedings.

Reversed and remanded.

SMITH, P. J., and TRAPP, J., concur.