THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* HARRY GULICK, JR., Defendant-Appellee.

(No. 71-176;

Third District—September 19, 1972.

STOUDER, P. J., specially concurring.

Bruce Biagini, Assistant State's Attorney, of Macomb, for the People.

James Geis, of Defender Project, of Ottawa, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

The defendant Harry Gulick, Jr., was indicted for burglary and theft. He was later indicted for violation of bail bond. On August 2, 1971, the trial court by separate orders, ordered that the defendant be discharged from custody because he was not brought to trial within 120 days as provided by section 103—5 of the Code of Criminal Procedure. (Ill. Rev. Stat., ch. 38, par. 103—5.) The State has appealed from those orders and we consolidated the causes for the purposes of this appeal.

On September 16, 1970, the defendant was arrested. He posted bond which was forfeited when he failed to appear for a preliminary hearing on October 23, 1970. The burglary and theft indictment was returned November 10, 1970, while defendant was a fugitive. The bail bond indictment was returned January 8, 1971. The defendant was later found in Burlington, Iowa, and was returned to Illinois on March 18, 1971. An attorney was appointed on April 1 and the cases continued to April 21 for filing of defense motions. On April 29, 1971, the defendant appeared in court with his appointed attorney and the following took place:

"Defense Attorney Simshauser:

\* \* \* the record shows that cause continued to April 21st for filing of motions, I was not aware of that. I would ask the Court's leave to let defendant plead this morning and then ask the Court for further time to prepare and file motions either of a discovery nature or directed against the indictment which I will have to study over.

The Court: Well of course I wouldn't know, Mr. Simshauser, why you weren't aware of the—

Mr. Simshauser: I'll take the responsibility for that, judge. \* \* \*"

The arraignment followed, and a plea of not guilty, whereon

"The Court: Now, Mr. Simshauser, as I would understand it, you have made a request for time, \* \* \* in which to file motions directed to the indictment and any other motions that you might desire to make.

Defense Attorney: Yes, sir.

The Court: How much time do you want?

Defense Attorney: Fifteen days, Your Honor.

The Court: Any objections?

State's Attorney: No, Sir.

The Court. Let the record show that the motion of defendant for time within to file motions on behalf of defendant in this matter, be granted, and the defendant be given the opportunity to file said motions within fifteen days from the day hereof and *the cause will be continued for setting;* hearing on said motions if any, when, as, and if they are filed. So the case will be continued from day to day looking for a disposition of any motions that may be filed."

Immediately thereafter the same record was made as to the bail bond charge.

The defendant, unable to post bond, remained in jail until discharged. No motions were filed by defendant and nothing was done until July 6, 1971, when the People made a motion for a trial date which was granted for August 2, 1971. On July 23, 1971, defendant filed his motion for discharge which motion was allowed on August 2, 1971.

The right to a speedy trial provided for in section 103—5(a) of the Criminal Code would require trial within 120 days of March 18, 1971, when defendant was brought into Illinois from Iowa "unless delay was occasioned by the defendant". The State contends that the continuance granted on April 29, was such a delay while defendant argues that a continuance to allow defendant time to prepare pretrial motions cause

no delay in bringing the case to trial and does not constitute a break in the 120-day term.

■■■ Where a defendant by his own action causes delay, his right to be tried within the statutory period is suspended and the Statute does not apply until a new 120-day period has elapsed. The rule applies where a defendant has sought and obtained a continuance within the period. (*People v. Taylor*, 123 Ill.App.2d 430.) "It has consistently been held that a continuance granted at the request of the defendant is a delay occasioned by the defendant." (*People v. Young*, 46 Ill.2d 82.) The criterion in determining whether delay was occasioned by defendant is whether defendant's acts in fact caused or contributed to a slowdown of the judicial process. (*People v. Johnson*, 45 Ill.2d 38.) Ordinarily, delays occasioned by defendant's counsel are attributable to defendant. *People v. Young, supra.*

■■ It is obvious that a legal impediment to trial existed for 15 days from April 29. The prosecution was in no position to demand trial during that period. The new 120-day period starts to run from the date to which the cause was continued. (*People v. Hamby*, 27 Ill.2d 493; *People v. Niemoth*, 409 Ill. 111.) The matter was set for trial August 2, 1971, which was well within the 120-day period and the trial court should not have allowed the motion for discharge.

Defendant in support of his argument has cited three cases; *People v. Jones* (1971), 130 Ill.App.2d 769, 266 N.E.2d 411, wherein the Court held that a motion to dismiss and a motion to suppress must necessarily have delayed the proceeding and would interrupt the running of the Statute. The case does not support defendant's position.

In *People v. Markword*, 108 Ill.App.2d 468, the facts were that defendant was indicted on the 118th day of custody, on the 119th day a Friday, he was arraigned, entered a plea of not guilty and the case was set for trial the following Monday, December 18. Thereupon, defendant's appointed attorney requested a continuance of the trial and filed various motions. Later the same day defendant made an oral motion to withdraw his previous motion for a continuance which withdrawal motion was allowed and the case was set for trial on December 18. The other motions filed by defendant were not withdrawn and were allowed that day. On Monday, December 18, the 122nd day after he was taken into custody, defendant filed his motion for discharge and was discharged by the trial court. The court found that the motion for continuance that was made, allowed and withdrawn, all on the same day could not be a delay occasioned by the defendant. The court also found that the filing and allowance of the motions by defendant was not in

any way delaying since *they were all made and allowed on the first day he could have made the motions.*

Quite obviously the delay in *Markword* was caused by failure to indict until the 118th day of custody. The motions were *not* dilatory.

Defendant's case of *People v. Hatchett*, 82 Ill.App.2d 40, is also of little contrary persuasion since it also was based on a unique factual setting. There the State attempted to avoid the statute by returning subsequent indictments which it conceded charged the same offense. The court stated, "An examination of defendants other motions, does not disclose that they were of such dilatory nature as would prevent the running of the statutory period." The determining factor in *Hatchett* was that the State's actions throughout caused the delay.

The judgments of the Circuit Court of McDonough County are, therefore reversed and the causes remanded for further proceedings consistent with this opinion.

Judgments reversed, causes remanded.

ALLOY, J., concurs.

Mr. PRESIDING JUSTICE STOUDER specially concurring:

I agree with the result reached by my colleagues since I believe it is in accord with the precedents. There is little doubt that the authorities in this State on this subject have repeatedly announced the rule that if the defendant seeks, consents to, or acquiesces in a continuance the period of time contemplated by the 120-day rule commences to run from the date to which the cause is continued. According to the authorities such a continuance amounts to delay occasioned by the defendant as a matter of law without regard to whether in fact there was any unreasonable interference with the orderly and efficient administration of justice.

It seems to me that many changes have occurred in trial procedures which justify a re-examination of the application and interpretation of our statutory implementation of the constitutional speedy trial requirement. Neither the statute nor court decisions require that a defendant in custody be ready, willing and available to stand trial on each or any other specified number of the 120 days described in the statute. In fact if a defendant is arrested and in custody before indictment trial before indictment would be impossible unless defendant waives such indictment. Both as a practical and technical matter defendant's refusal to waive indictment could be considered delaying conduct. If the 120-day rule and current procedures are to be harmonized it well might be that the State should be required to show and the court find that the conduct

of the defendant occasioned actual unreasonable delay rather than delay which is only apparent. If the conduct of the defendant did not constitute significant or actual delay, as the trial court found in this case and I believe properly so found, then the trial court should be entitled to determine that the State had failed to meet its responsibility to afford the speedy trial contemplated by the statute.

From the briefs and oral arguments it should be noted that in this case the State was well aware of the trial court's position that the intervening procedures did not constitute delay occasioned by the defendant. On July 17, the State attempted to coerce the defendant's release on bail by requesting that defendant be released on a nominal recognizance bond which release was declined by defendant. Furthermore it should be noted that the case was set for August 2 before a special jury impaneled at the request of the State without any showing that an earlier convening of such special jury was in any way prevented or interfered with by defendant's conduct.

As has often been said neither precipitous haste nor purposeless delay are consonant with fundamental fairness. Balancing these extremes in accord with changing variables requires continuing refinement.