THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* DAVID JAMES HUNDLEY, Defendant-Appellee.

(No. 11863; ▮▮▮▮▮▮

Fourth District—September 5, 1973.

John G. Satter, Jr., State's Attorney, of Pontiac, (George S. Dzielak, Assistant State's Attorney, of counsel,) for the People.

John F. McNichols, Deputy Defender, of Springfield, (J. Daniel Stewart, Assistant Appellate Defender, of counsel,) for appellee.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

This is an appeal by the State from a judgment discharging the defendant for the State's failure to bring him to trial within 120 days.

On July 24, 1971, the defendant, along with two others, attempted to escape from the Illinois State Penitentiary at Pontiac, wherein they were lawfully imprisoned. The defendant was indicted on August 31, 1971, and arraigned on September 7, 1971, on the charge of attempted escape. At the arraignment defendant was found to be indigent and counsel was appointed. A recess was called to permit the defendant to confer with his appointed counsel concerning his plea. After the recess defendant's

counsel informed the court that defendant desired to address it concerning his need for psychiatric care. The defendant essentially stated that he was suffering adversely from being incarcerated in his cell with nothing to do and that he felt a great deal of pressure to his brain. He stated that he had told the prison officials of his need for psychiatric care but that they had done nothing.

The court ordered that counsel prepare a formal motion supporting defendant's request. The judge noted that he was concerned and stated that defendant should consult his attorney on this matter, and that the court would consider the matter "in connection with these charges". In the same proceedings, the defendant pleaded not guilty and the cause was continued for a trial.

On September 14, 1971, defendant submitted a motion with supporting affidavits requesting psychiatric care. The motion states in full:

"Comes the defendant, David James Hundley, by his attorney, Chester Crabtree, Public Defender of Livingston County, Illinois, and moves the court to appoint a psychiatrist to examine and treat him, for the reason that there are times when he has mental lapses, has dizzy spells, when the floor on which he stands appears to move, and when he is often unable to think clearly.

The defendant, in support of his motion, submits his affidavit hereto attached and made a part of this motion as if set out in full."

The defendant's supporting affidavit states in full:

"David James Hundley, being first duly sworn, on oath deposes and says that he needs to be treated by a psychiatrist for the reason that he often suffers mental lapses when he cannot think clearly, has dizzy spells, when the floor on which he stands appears to move, when objects in his room appear to move round and round, and when he seems to be floating through the air."

The motion was granted.

On January 12, 1972, defendant's attorney filed a motion to dismiss the cause on the grounds that defendant had been in custody for more than 120 days without being brought to trial on the charges pending. At the hearing on the motion, defendant submitted that he had caused no delays that resulted in tolling the 120-day time limitation. On January 18, 1972, the trial court granted said motion. The State appealed.

The limited issue is whether the trial court erred in discharging the defendant under the mandate of the 120-day rule of section 103—5(a) of the Code of Criminal Procedure. (Ill. Rev. Stat. 1971, ch. 38, par. 103—5(a)). Defendant contends that his original request for general psychiatric care was unrelated to his competency to stand trial on the

charges, and, therefore, did not constitute a delay. The State submits that defendant's request was for an examination for competency which tolled the 120-day limitation.

■■ The right to a speedy trial is an absolute right emanating from the federal and state constitutions and is implemented by the 120-day rule. The statutory 120-day limitation commences to run from the time defendant is incarcerated on charges, or, as in this case, from the time defendant was arraigned while incarcerated on unrelated charges. *People v. Vaughn,* 4 Ill.App.3d 51, 280 N.E.2d 253.

■■ In *People v. Nunnery,* 54 Ill.2d 372, 375, 297 N.E.2d 129, 130, the supreme court has stated:

> "The controlling question in determining if the defendant was entitled to discharge under the 120-day rule is whether the delay of the trial beyond 120 days was 'occasioned by the defendant,' and if answered affirmatively, he was not entitled to discharge.
> *  *  *"

A request for a competency examination and hearing by defendant is a delay chargeable to him and will toll the 120-day statute *People v. Siglar,* 49 Ill.2d 491, 274 N.E.2d 65.

■■ A defendant can request a competency examination or the court may so order such an examination on its own motion. In either case, if a competency examination is ordered, section 104—2 of the Code of Criminal Procedure (Ill. Rev. Stat., ch. 38, par. 104—2) requires that the trial court suspend the proceedings until the defendant's status is finally determined. After a competency examination is completed, a competency hearing is then held at which time defendant's competency is adjudicated. The suspended proceedings are not reinstated until defendant is again found to be competent.

■■ In the case at bar, we are unable to glean from the record the nature of defendant's request and how the trial court interpreted it. Defendant made a broad request for psychiatric care at his arraignment. After his request was made, the court did not suspend the proceedings. Rather, the court accepted defendant's plea of not guilty and refused to consider defendant's request until a formal motion was submitted to the court. Yet, the trial court stated it was concerned with the defendant's request as it related to these charges; then the court continued the proceedings until trial. Even after defendant's formal motion was submitted to the court and granted, the proceedings were not suspended. It is unclear what the trial court meant by its statement in connection with its conduct.

The State cannot be held accountable for the delays caused by a defendant, but it is responsible for the ultimate disposition of a case when

not attended by delays occasioned by defendant's conduct. (*Strunk v. United States,* (U.S.), 93 S.Ct. 2260, 37 L.Ed.2d 56.

We reverse and remand for an evidentiary hearing so the trial court can enter an appropriate order based on the evidence presented, either granting or denying the defendant's motion requesting a discharge under the 120-day rule. If defendant's request was for a competency examination, the 120-day limitation was tolled and he cannot be discharged; but if his request was for general psychiatric care, the 120-day limitation was not tolled and he must be discharged. The judgment of the trial court is reversed and remanded for further proceedings.

Reversed and remanded with directions.

SMITH and TRAPP, JJ., concur.