THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT HANNAH, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ROBERT HANNAH, Defendant-Appellee.

(No. 72-34;

No. 74-84;

Third District—September 19, 1975.

James Geis and Robert Agostinelli, both of State Appellate Defender's Office, of Ottawa, for Robert Hannah.

David DeDoncker, State's Attorney, of Rock Island (F. Stewart Merdian, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

For purposes of appeal, these two cases have been consolidated. In case No. 74-84, the State is appealing the trial court's order dismissing the defendant because of the State's failure to bring him to trial within 120 days.

In case No. 72-34, the defendant appeals from an order revoking probation.

The issues will be treated separately.

*Case No. 74-84*

On September 21, 1971, the defendant was convicted of aggravated battery and received a sentence of 3 to 10 years. On appeal the conviction was reversed and the case remanded for a new trial. The appellate court's mandate was filed in the circuit court on June 5, 1973.

Defendant was incarcerated in the Rock Island county jail from June 5, 1973, to July 6, 1973. On the latter date, he was observed to be in need of aid. On that same date, he was involuntarily transferred to the East Moline State Hospital. A petition was filed asserting that defendant was in need of hospitalization and mental treatment. A hearing was held on July 13, 1973. A psychiatrist testified defendant had suffered from a psychotic episode, now passed, but the doctor recommended further evaluation. The defendant, at the hearing, agreed to remain in the hospital. The circuit court found defendant to be in need of mental treatment and ordered that he be hospitalized by the Department of Mental Health.

On August 9, 1973, defendant was given an absolute discharge and released to the custody of the Rock Island county sheriff and returned to jail. During defendant's stay at the State Hospital he was subject to the sheriff's hold order.

On November 13, 1973, defendant filed a motion to dismiss on the ground that he had been in custody for more than 120 days without being tried in contravention of section 103—5 of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, § 103—5). The trial court granted the motion. The State appeals that decision.

The statute provides, in part:

"(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from

the date he was taken into custody unless delay is occasioned by the defendant, by an examination for competency ordered pursuant to Section 104—2 of this Act, by a competency hearing, by an adjudication of incompetency for trial, by a continuance allowed pursuant to Section 114—4 of this Act after a court's determination of the defendant's physical incapacity for trial, or by an interlocutory appeal." Ill. Rev. Stat. 1973, ch. 38, § 103—5(a).

■■ The 120-day period started running on June 5, 1973, when the appellate court's mandate was filed in the circuit court. (*People v. Worley*, 45 Ill.2d 96, 256 N.E.2d 751.) The statutory period would have been up on October 2, 1973, unless the period of hospitalization tolled the statute, in which event the 120 days started running anew on August 9, 1973. The issue presented is whether the trial court properly dismissed the charges against the defendant. We affirm.

■■ The purpose of the statute is to protect defendant's constitutional right to a speedy trial. It has been said that the statute should be construed liberally to preserve the liberty of citizens. (*People v. Benson*, 19 Ill.2d 50, 166 N.E.2d 80.) The burden is on the State to take the steps necessary to bring about a prompt trial. (*People v. Siglar*, 127 Ill.App.2d 256, 261 N.E.2d 27.) The statute is tolled only when there has been an "actual" delay of trial clearly attributable to defendant. (*People v. Nunnery*, 54 Ill.2d 372, 297 N.E.2d 129.)

The State argues that defendant's condition, which necessitated his commitment to a mental institution, occasioned a delay. The commitment, it argues, created an inference of incompetency and therefore defendant was unavailable for trial during that period.

The statute under which defendant was committed specifically provides that commitment as one in need of mental treatment does not create a presumption of incompetency to stand trial, although the question of legal competence may be presented to the committing court. Ill. Rev. Stat. 1973, ch. 91½, § 9—11.

The statute specifically provides for tolling if either party wishes to investigate the question of competency. However, competency was not raised at the commitment hearing.

A defendant who, although competent, is in need of mental treatment, has the same rights to a speedy trial as other competent defendants. Therefore the hospitalization of defendant for a portion of the 120-day period would not necessarily cause a delay. See *People v. Hundley*, 13 Ill.App.3d 935, 301 N.E.2d 339, where the court held that the granting of a request by the defendant for general psychiatric care unrelated to the question of competency would not constitute a delay occasioned by the defendant.

In the case at bar, the trial court found that defendant had not occasioned a delay and therefore dismissed the charges. The question of whether a delay has occurred must, of course, be determined according to the facts in each case. It may be that in another case, the commitment of a defendant or the need for mental treatment may occasion a delay which tolls the statutory period. However, the mere fact of commitment, when competency is not questioned, does not automatically cause delay.

██ The record in the case at bar reveals a laudatory concern on the part of the authorities in charge of the defendant. They acted promptly to aid defendant with professional help. However, the statute is designed to protect the rights of the defendant and the State's misinterpretation of the statute cannot be charged to the defendant. For these reasons we affirm the order of the trial court discharging the defendant.

*Case No. 72-34*

██ On June 16, 1970, defendant was found guilty of robbery and granted 2 years' probation. On June 3, 1971, a petition to revoke probation was filed, alleging as grounds for the revocation that defendant had failed to make restitution and was under indictment for aggravated battery. The aggravated battery alluded to was the one involved in case no. 74-84, which, as stated in the first part of this opinion, was reversed and subsequently dismissed after remand in 1973.

Defendant's probation on the 1970 robbery conviction on appeal here was revoked in September 1971. In the revocation proceedings both prosecution and defense stipulated that the conviction of aggravated battery constituted the basis for revocation of probation. No other evidence was offered to establish defendant's violation of conditions of probation.

Defendant argues that when a conviction which served as the sole basis for revocation of probation is reversed and those charges later dismissed, the order revoking probation should be vacated.

We agree that the order should be reversed. (*People v. Kaplan,* 7 Ill. App.3d 155, 287 N.E.2d 246.) Accordingly, the order revoking probation is reversed and the cause remanded for an evidentiary hearing on the petition to revoke probation to determine whether the facts support the charges therein set forth and whether probation should or should not be revoked.

Case No. 74-84: Affirmed.

Case No. 72-34: Order reversed and cause remanded with directions.

CRAVEN and TRAPP, JJ., concur.