THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANDREW WILBERT, Defendant-Appellant.

First District (4th Division)    No. 62705

Opinion filed October 13, 1977.

James J. Doherty, Public Defender, of Chicago (Andrew J. Kleczek, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Joan S. Cherry, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LINN delivered the opinion of the court:

Following a jury trial, defendant, Andrew Wilbert, was found guilty of unlawful use of a weapon within five years after having been released from the penitentiary upon a felony conviction (Ill. Rev. Stat. 1973, ch. 38, pars. 24—1(a)(10) and (b)). He was sentenced to a term of 3 to 10 years. Defendant on appeal contends that he should have been discharged for violation of his statutory right to a speedy trial under section 103—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(a)).

We affirm the decision of the trial court.

On October 24, 1973, defendant was arrested and charged with aggravated assault and unlawful use of a weapon. The incident involved his firing a gun at a 15-year-old girl, and slapping her while he held the gun at her head. These acts occurred in the elevator and hallway of the building in which the girl lived. On January 23, 1974, defendant entered a plea of guilty to aggravated assault for which he was sentenced to 10 days in jail. At that time, the misdemeanor charge of unlawful use of a weapon was stricken with leave to reinstate and a new complaint was filed charging a felony for unlawful use of a weapon based on defendant's prior conviction for aggravated battery. (See Ill. Rev. Stat. 1973, ch. 38, par. 24—1(b).) After the preliminary hearing on this complaint, the court made a finding of probable cause.

On March 14, 1974, defendant was indicted for unlawful use of a weapon pursuant to the above finding of probable cause. On March 25, 1974, defendant entered his plea of not guilty and filed a motion for four-term discharge which was subsequently denied. Thereafter, the court clerk's half sheet indicates that a number of continuances were granted until March 26, 1975. Most were by agreement of the parties and others on motion of defendant. On March 26, 1975, defendant filed a motion to quash the indictment because the aggravated battery conviction, which was the basis for the enhanced penalty upon conviction for unlawful use of a weapon, was a misdemeanor. Section 24—1(b) provided the enhanced penalty if an accused was convicted of unlawful use of a weapon and had been released from the penitentiary on a prior felony conviction within the preceding 5 years. Ill. Rev. Stat. 1973, ch. 38, par. 24—1(b).

The State thereafter reindicted defendant on May 15, 1975, for unlawful use of a weapon based upon defendant's underlying 1969

conviction for attempted robbery. On May 21, 1975, defendant filed a third motion for four-term discharge. This motion was denied and on May 27, 1975, the matter proceeded to a jury trial on the second indictment. The jury found defendant guilty of unlawful use of a weapon and of unlawful use of a weapon within 5 years after having been released from the penitentiary. The sufficiency of the evidence is not questioned.

The delay relied upon by defendant in seeking his discharge occurred between October 24, 1973, the day of his arrest, and May 15, 1975, when he was reindicted for unlawful use of a weapon based on a prior (1969) felony conviction for attempted robbery. He contends the lengthy delay between his initial misdemeanor charge of unlawful use of a weapon and his subsequent indictment for the felony offense was violative of his statutory right to a speedy trial.

A defendant, who is in custody, must be tried within 120 days of being taken into custody unless he occasions delay in the proceedings. (*People v. Gooding* (1975), 61 Ill. 2d 298, 335 N.E.2d 769; Ill. Rev. Stat. 1973, ch. 38, par. 103—5(a).) However, the record shows that on January 23, 1974, defendant entered a plea of guilty to the charge of aggravated assault. This plea tolled the 120-day term and a new period began to run in which the State had to try defendant on the remaining charge unless defendant caused delay. (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(e).) Thereafter, on March 14, 1974, defendant was indicted for the felony offense of unlawful use of a weapon based on a prior conviction of aggravated battery. This indictment was obtained well within the limitation period set by the aforesaid statute. See *People v. Zuniga* (1973), 53 Ill. 2d 550, 293 N.E.2d 595.

Beginning March 25, 1974, until May 15, 1975, when defendant was reindicted, numerous delays were caused by defendant's actions in filing a motion for discharge on March 25, 1974, a motion for a reduction of bail on June 7, 1974, and a motion to quash the indictment on March 26, 1975, as well as many continuances obtained by agreement or on motion of defendant. In *People v. Hamby* (1963), 27 Ill. 2d 493, 495-96, 190 N.E.2d 289, 291, our supreme court stated:

> "Where, * * *, the accused has sought and obtained a continuance, or agrees to a continuance, or in any manner causes delay in trial by his own action, the four-months period is renewed and starts to run again from the date the delay occurred, or to which the cause was continued. *People v. Stahl*, 26 Ill. 2d 403; *People v. Rankins*, 18 Ill. 2d 260."

Defendant raises the point that the original indictment erroneously was based on his prior misdemeanor conviction for aggravated battery and that the reindictment based upon a prior felony conviction of attempt robbery created a different offense. The offense charged in the first

indictment is the same as that charged in the second indictment. The State merely sought to properly establish the basis for an enhanced penalty for unlawful use of a weapon in the latter indictment. When defendant claimed that the prior conviction of aggravated battery was a misdemeanor, the matter was presented to the grand jury a second time to obtain a corrected indictment. The original indictment was *nolle prossed* and trial was held on the new indictment.

In *People v. Stuckey* (1967), 83 Ill. App. 2d 137, 140, 227 N.E.2d 135, 137, it was held:

> "The sufficiency of the indictment is immaterial to the enforcement of the [Four Term] act unless there is some showing that the State has nolle prossed an indictment and reindicted solely for the purpose of circumventing the statute."

Again, in *People v. Hamby* (1963), 27 Ill. 2d 493, 496, 190 N.E.2d 289, 291, it was stated:

> "While the original indictment and count 2 of the second indictment were *nolle prossed* by the People, there was no determination by the court as to their validity, nor was there any showing or suggestion that they had been procured by fraudulent means or for an unlawful purpose. At most they were inartistically drawn, and while the People may not *nolle prosse* and reindict solely for the purpose of defeating the four-months statute, the motions to test the validity of the indictments in this case and the delay occasioned thereby were correctly charged to defendant. Were it otherwise the People would be obliged to either successfully defend all such motions or incur the risk of the accused being discharged under the statute. Such perfection cannot be demanded, even of the People, nor should such a weapon to permit potential abuse be placed in the hands of an accused."

After carefully considering defendant's contentions, it is our opinion that defendant's statutory right to a speedy trial was not denied. Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

JOHNSON and ROMITI, JJ., concur.