**People of the State of Illinois, Plaintiff-Appellee,
v. William Rogers, Defendant-Appellant.**

**Gen. No. 50,022.**

First District, Fourth Division.

May 13, 1966.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and E. James Gildea, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

**CHARGE**
Robbery.

**JUDGMENT**
After a jury verdict finding defendant guilty, the court imposed a sentence of five to fifteen years.

**POINTS RAISED ON APPEAL**
(1) The charge against defendant should have been dismissed because he was not brought to trial within 120 days of his arrest in accordance with Section 103–5 of the Code of Criminal Procedure.[1]
(2) Defendant was denied the effective assistance of counsel.

**RECORD AS TO CONTINUANCES**
There is no dispute concerning the facts which are the basis for defendant's position, but it is argued that the trial court erred in its interpretation of those facts.

---

[1] Ill Rev Stats (1963), c 38, § 103–5 reads, in pertinent part:
(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, . . . .

Defendant was taken into custody on January 22, 1964, and had not been brought to trial when he made a motion for discharge on June 11, 1964. During that period there had been a number of continuances but only one was considered by the court as having been a delay "occasioned by the defendant." That was the continuance from April 9, 1964, to May 4 of the same year. Since April 9 was less than 120 days after defendant's arrest (January 22), and since May 4 was less than 120 days prior to defendant's trial (July 1), the case in this court must stand or fall on interpretation of the April 9 continuance. Because of the importance of the proceedings on that date, we shall set forth a large part of them verbatim.

The two defendants, Rogers and Mason, were before the court and were represented by Assistant Public Defender Hartman. Katz was the Assistant State's Attorney. Both sides answered ready for trial. Rogers indicated that he wanted a jury trial, contrary to previous advice to the court, and this presented a minor administrative problem to the court since it was a Thursday and the term of the current jury was scheduled to expire the next day. The following ensued:

> THE COURT: The last time we were up—You are entitled to a jury trial. Don't worry. You will get a jury trial. Last time I understood this was going to be a bench trial without a jury, is that right?
>
> THE DEFENDANT ROGERS: That's right.
>
> THE COURT: That is what we talked about?
>
> THE DEFENDANT ROGERS: That's right.
>
> THE COURT: At this time you want a jury trial. Your are entitled to it, but we can't try it today. It is Thursday and we would not be able to finish this week, so *I have to continue it to next week.* I just wanted you to know why it is going

476

to be continued. It is not because your attorney isn't ready. Your attorney is ready, but we can't be ready with a jury trial. (Emphasis supplied.)

At this point counsel for defendants interjected an entirely different subject for the court's consideration, namely, a pretrial or presentence investigation by the Probation Officer on behalf of the codefendant Mason.

MR. HARTMAN: I would like to make a motion on behalf of Mr. Mason for a pre trial investigation at this time.

THE COURT: Mr. Mason, we will order a pre trial investigation. *And it will be a continuance by agreement.*

MR. HARTMAN: All right.

THE COURT: The earliest possible date will be Tuesday, April 28th. *All right for everybody?*

MR. HARTMAN: Your Honor, I know on the 28th there are a few other cases are going to go, unless you want to hold it on call.

THE COURT: I will then hold it on call. What about the 29th; will that be better?

MR. HARTMAN: I know the 28th will be bad.

THE COURT: *How about Monday, May 4th?*

MR. HARTMAN: *All right. May 4th okay with you?*

THE DEFENDANT ROGERS: *Yes.*

THE DEFENDANT MASON: *Yes.*

THE COURT: All right, Monday, May 4th, and pre trial investigation on James Mason.

MR. KATZ: *Also for the record, I would like the record to reflect I talked to Mr. Hartman yesterday. As a result of that it will be a by agreement continuance.*

MR. HARTMAN: There is a motion for pre trial.

477

THE COURT: *It is by agreement for several reasons: pre trial investigation, and certain evidence not available until late yesterday,* and the defendants had earlier indicated a bench trial. (Emphasis supplied.)

## OPINION

■ (1) The Supreme Court's interpretation of the so-called "four-months statute"[2] clearly indicates that where a defendant has requested or agreed to a continuance, the running of the statutory period will be broken. People v. Petropoulos, 59 Ill App2d 298, 208 NE2d 323, affirmed 34 Ill2d 179, 214 NE2d 765; People v. Rankins, 18 Ill2d 260, 163 NE2d 814; People v. Tamborski, 415 Ill 466, 114 NE2d 649.

It is true, as argued by defendant, that on April 9 he answered ready for trial and that it was the court, not he, who initially suggested that the case be continued. Because of this, defendant contends that the instant case falls within the rule of People v. Wyatt, 24 Ill2d 151, 180 NE2d 478. We do not share the view that Wyatt stands for so broad a principle. There the continuance ultimately granted was for the same purpose as originally proposed by the court (the obtaining of counsel for the defendants). When a longer continuance (as suggested by defendants) rather than a shorter one (as suggested by the court) was allowed, the character and the initiating source of the delay remained unchanged. Hence, it could not properly have been charged to defendants.

Here, however, the situation is quite different. As can be seen from the portion of the record first above quoted, the court suggested a postponement of only a few days and only for reasons of administrative necessity or convenience. By contrast, the motion of the codefend-

[2] Ill Rev Stats (1963), c 38, § 103–5. See footnote 1, supra.

478

ant was for quite a long period of time and for quite a different reason. The alert trial judge, mindful of the rights of both State and defendant, noticed the change in character of the proposed continuance and changed his own words accordingly, from "I have to continue" the case, to "it will be a continuance by agreement." And to this revised proposal both defendants, by counsel and in person, expressly agreed. And only then did the court actually order the continuance.

██ A case in point is People v. Meisenhelter, 381 Ill 378, 45 NE2d 678. There it was held that a defendant waives his constitutional right to speedy trial when, in open court with counsel, he stands by and makes no objection to a codefendant's motion for a continuance. The guarantee of the constitution is only for the purpose of protecting a defendant from arbitrary and oppressive delays. A continuance allowed at the request of a codefendant, to which continuance the appealing defendant makes no objection (as in Meisenhelter) or, a fortiori, affirmatively states his agreement (as in the instant case), operates to break the running of the four-months statute.

---

[3] Supreme Court Rule 39, which governs briefs in this court (Appellate Court Rule 5(2)(k)) provides in part:

> No alleged error or point not contained in the brief shall be raised afterwards, either by reply brief or in oral or printed argument or on petition for rehearing.

· · · · · ·

> Reply Brief, if any, shall be confined strictly to the points presented by the brief of the appellee.

Ill Rev Stats (1965), c 110, § 101.39.

In Posner v. Firemen's Ins. Co., 49 Ill App2d 209, 212, 199 NE2d 44, we said:

> This point was not raised by the plaintiffs until they filed their reply brief in this court, and they cannot now rely upon it.

See also ILP, Appeal and Error, § 561.

**■■■** (2) In his reply brief, defendant contends (for the first time) [3] that the action of his counsel in seeking a continuance, without severance, for the benefit of the codefendant established a conflict of interest which denied to this defendant his constitutional right to the effective assistance of counsel. The record before us is insufficient to support this argument. On the contrary, the record shows that when this defendant agreed to the continuance he placed himself in harmony with his codefendant as to the desired trial date. Whether or not there may exist outside this record another basis for a conflict-of-interest contention is a matter about which we have no knowledge, and, in that circumstance, we will not supply it by speculation. People v. Chapman, 66 Ill App2d 124, 127, 214 NE2d 313. If it does exist, the appropriate place to raise the point would not be on this appeal, but in a petition under the Post-Conviction Hearing Act. Ill Rev Stats (1965), c 38, § 122; People v. Morris, 3 Ill2d 437, 445, 446, 121 NE2d 810.

**DECISION**

The judgment of the Circuit Court is affirmed.

Affirmed.

DRUCKER, P. J. and McCORMICK, J., concur.