**People of the State of Illinois, Plaintiff-Appellee, v. Harry Walton, Defendant-Appellant.**

**Gen. No. 53,018.**

First District, Second Division.

May 6, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker, Norman W. Fishman and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney and Kenneth L. Gillis, Special Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Defendant was found guilty at a jury trial of the crime of burglary and was sentenced to a term of five years to ten years in the penitentiary. His sole contention on appeal is that the trial court improperly denied his pretrial motion for discharge under the Four Term Act.

Defendant was arrested and taken into custody on December 6, 1965. The reason for his arrest is not wholly clear from the record, although it appears that he was arrested for "a shooting." On December 8, 1965 he was specifically charged with the burglary in question and was indicted therefor on January 25, 1966. His case was called for trial April 5, 1966 at which time he presented to the trial court his motion for discharge on the ground that the State failed to bring him to trial within 120 days of his arrest.

Although it appears from the record that defendant was initially arrested on a charge other than the burglary of which he presently stands convicted and was not specifically charged with that burglary until December 8th, we need take no position in that regard in view of the number of days which elapsed between defendant's arrest on December 6th and the date he was brought to trial. (See, e. g., People v. Jones, 33 Ill2d 357, 360, 211 NE2d 261, holding that the custody of an accused must be related to the charge from which he seeks his release under the Four Term Act.)

■ The Four Term Act, section 103–5 of the Criminal Code, provides that a person in the custody of the State for an alleged offense must be brought to trial within 120 days from the date he was taken into custody. Ill Rev Stats 1965, c 38, par 103–5(a). In making application for discharge under the Act, it is incumbent upon the accused to show that he was taken into custody, that he was granted no bail, that he caused no delay in his being brought to trial, and that he was not tried on the charge within 120 days from the date he was taken into custody. The record must establish each such jurisdictional fact. See People v. Morris, 3 Ill2d 437, 121 NE2d 810; People v. Tamborski, 415 Ill 466, 114 NE2d 649. Assuming, without deciding, that defendant was taken into custody for the burglary in question on December 6, 1965, it is nonetheless apparent that he failed to establish his right

to be discharged on April 5, 1966 inasmuch as April 5th was the 120th day of his confinement.

 Section 1.11 of the Statute on the Construction of Statutes provides in part:

> "The time within which any Act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Sunday or is a holiday . . . and then it shall also be excluded. . . ."

Ill Rev Stats 1965, c 131, par 1.11. This provision is applicable as therein stated except where such construction would be inconsistent with the manifest intention of the legislature or repugnant to the context of the particular statute involved. Ill Rev Stats 1965, c 131, par 1.

 The Four Term Act is silent as to how the 120 days shall be computed. All prior criminal cases dealing with the computation of the 120 days recognize the applicability of section 1.11 of the Statute on the Construction of Statutes to the Four Term Act. See e. g., People v. Hurst, 28 Ill2d 552, 193 NE2d 19; People v. Hannon, 381 Ill 206, 44 NE2d 923; People v. O'Connell, 84 Ill App2d 184, 228 NE2d 154; and also People v. Shaw, 24 Ill2d 219, 181 NE2d 120, all of which deal with the situation where the 120th day falls on a Saturday or a Sunday, and the employment of section 1.11 to resolve the situation.

A simple computation of the number of days between December 6, 1965 and April 5, 1966, excluding December 6th and including April 5th, reveals that April 5th was the 120th day of defendant's confinement. He was brought to trial on that day and his motion for discharge was consequently improperly made.

For these reasons the judgment is affirmed.

Judgment affirmed.

LYONS, P. J. and McCORMICK, J., concur.