**People of the State of Illinois, Plaintiff-Appellee, v. William Henry Nelson, Defendant-Appellant.**

Gen. No. 11,188.

Fourth District.

September 17, 1970.

■■■■■■■■■

Donald B. Mackay, Public Defender of McLean County, of Bloomington, for appellant.

Paul R. Welch, State's Attorney of McLean County, of Bloomington, for appellee.

TRAPP, J.

A jury convicted defendant of theft over $150, c 38, § 16–1, Ill Rev Stats 1967. He was sentenced to a term of 5 to 10 years. Upon appeal, defendant contends that he was entitled to discharge for failure to bring him to trial upon this charge within 120 days.

The facts are to be examined in the context of chapter 38, § 103–5(e), Ill Rev Stats 1967, which in substance provides that if a person is simultaneously in custody upon more than one charge pending in the same county, he must be tried upon at least one of the charges within 120 days, and upon all other charges pending within 120 days of the termination of the trial of the charge first prosecuted.

On August 28, 1968, defendant was taken into custody upon a charge of theft and also upon a charge of tampering with public records in violation of chapter 38, § 32–8, Ill Rev Stats 1967. Different transactions were concerned. As to the charge of tampering, the proceedings were by criminal complaint. An indictment, No. 68–706Y, charging the theft, was returned on September 13, 1968. Defendant was represented at all times by the public defender who prosecutes this appeal.

On December 11th, defendant was brought to trial upon the complaint for tampering. There was objection to such trial upon the ground that the offense must be

prosecuted by indictment, and that there had been no waiver of grand jury. The trial proceeded following stipulation of counsel that participation in such jury trial would not bar the raising of the issue of the court's jurisdiction on appeal. In the event, a mistrial was declared when the jury was unable to reach a verdict. On December 20, 1968, without notice to defendant, the State's Attorney moved to dismiss the indictment for theft, No. 68–706Y. Such motion prayed that the defendant be discharged on this indictment, and the order of dismissal expressly ordered such discharge. We need not examine the effect, if any, of such portion of the order. The defendant remained in custody upon the charge of tampering as to which there had been a mistrial. The statutory period of 120 days expired on December 29, 1968.

On December 31, 1968, a new indictment, No. 68–965Y, was returned upon the offense of theft. Defendant was thereafter arraigned and was tried on such indictment on April 17, 1969. Prior to trial defendant filed a motion for discharge under chapter 38, § 103–5, Ill Rev Stats 1967. Such motion was denied.

█ The motion to dismiss by the State's Attorney alleged a substantial defect in the original indictment, No. 68–706Y, in that it averred that the several items stolen were the property of one person, but that the evidence would show that at least one item of the stolen articles was, in fact, owned by a second person. Defendant argues that reindictment was not necessary upon the charge of theft for the reason that the possession of the questioned item by the person named as owner in the first indictment was paramount to that of the defendant so that a conviction of theft could be sustained. The sufficiency of the first indictment is immaterial unless there is some showing that the dismissal and reindictment was solely for the purpose of evading the statute. People v. Stuckey, 83 Ill App2d 137, 227 NE2d 135 and The People

v. Hamby, 27 Ill2d 493, 190 NE2d 289. Other than the argument noted, there is no showing that the prosecution was seeking to evade the statute at issue.

The defendant agrees that the trial on the indictment for theft was within 120 days of the termination by mistrial of the charge of tampering. It is urged, however, that chapter 38, § 103–5(e), concerning a person in custody upon simultaneous charges is not operative in this case. The argued hypothesis is that the offense of tampering found in chapter 38, § 32–8, provides a possible penitentiary sentence so that there must be an indictment, or a waiver thereof, for the prosecution of the offense. Ergo, since there was no indictment upon the charge of tampering, there was, in fact, no trial upon that offense within the meaning of the statute affecting a person in custody upon simultaneous charges and its provision permitting a period of 120 days for the trial of a charge following the prior trial of a concurrently pending charge.

■ For us to declare that a trial upon the charge of tampering did not exist in fact would require a collateral review of a case which has not been appealed and is not before us except as a matter of argument. This we cannot do.

The stipulation made in the trial for tampering, which purports to reserve for appeal the question of jurisdiction of the court to try the tampering charge without indictment, may be effective as to the trial of that case, but it does not relate to this case on appeal.

The judgment is affirmed.

Affirmed.

CRAVEN, P. J. and SMITH, J., concur.