(No. 43971.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. GEORGE SHIELDS, Appellant.

*Opinion filed September 27, 1974.*

James J. Doherty, Public Defender, of Chicago (James M. Sammons, Assistant Public Defender, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel, Assistant Attorney General, and Patrick T. Driscoll, Jr., and Dorothy B. Johnson, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE DAVIS delivered the opinion of the court:

The defendant was charged in indictment No. 70—1469 with burglary to commit theft in the apartment of Katie Davis, and in indictment No. 70—1483 with burglary to commit theft in the apartment of Inez Broadway. Davis and Broadway resided in an apartment building in Chicago. Defendant was tried and convicted by a jury in the circuit court of Cook County on indictment No. 70—1469 and was sentenced to serve from 2 to 4 years in the penitentiary. The other indictment was later

stricken on motion of the State. The defendant appealed directly to this court, and here alleges denial of his right to a "speedy trial," and that he was not proved guilty beyond a reasonable doubt.

We will first consider the threshold question—the allegation of denial of the defendant's right to trial within the 120-day statutory period. The petition recited that discharge was sought on the basis of section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1963, ch. 38, par. 103—5), which provides in pertinent part:

> "Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant ***."

The 120-day provision has been before this court many times. The case of *People v. Fosdick* (1967), 36 Ill.2d 524, contains the rationale of our approach to the problem. On pages 528 and 529, the court stated: "In determining this question, the criterion in each case is whether the defendant's acts in fact caused or contributed to the delay. In the varied fact situations that involve the 120-day rule, we have carefully examined the facts to prevent a 'mockery of justice' either by technical evasion of the right to speedy trial by the State, or by a discharge of a defendant by a delay in fact caused by him."

The record indicates that the defendant was arrested February 21, 1970, indicted in May, 1970, for the offense of burglary committed February 18, 1970, and arraigned before Judge Power on June 8, 1970. He was not represented by counsel, and Judge Power then appointed the public defender to represent him. He then entered a not-guilty plea to each indictment, and the case was assigned to Judge Epton.

On Monday, June 8, 1970, Gen. No. 70—1469 came on for hearing before Judge Epton, and on motion of the State's Attorney, was continued to June 15, 1970, with subpoenas. On Wednesday, June 10, 1970, the public

defender filed his appearance as counsel for the defendant in Gen. Nos. 70—1469 and 70—1483. The record does not indicate when the defendant first had an opportunity to talk to his newly appointed counsel.

On Monday, June 15, 1970, a short hearing was had in Gen. No. 70—1469, at which time the defendant filed discovery motions in both causes and the People presented the defendant with a list of witnesses, an answer to a bill of particulars, and a request for notice of alibi defense. On June 15, 1970, the court ordered the cause continued to June 22, 1970, without subpoenas.

The People, the defendant, and the court agree that the defendant had answered ready for trial prior to June 15, 1970, and the People make no claim of any instance of delay attributable to him, which would break the 120-day period which began after the defendant had occasioned a delay until April 10, 1970, except that on June 15, 1970. It is apparent that if the delay on June 15, 1970, was not occasioned by the defendant, then he was brought to trial after the 120-day period had run. Under these circumstances, the question before us is whether the defendant waived his rights under the statute by failure on June 15, 1970, to object to the court's ruling and notation that "on motion of counsel for defendant, it is ordered that this cause be continued to June 22, 1970, without subpoenas."

On June 15, 1970, defense counsel asked for one week to file an answer to the notice-of-alibi request. Absent the State's notice-of-alibi request, the defendant would not have requested 7 days' time for answer to it; thus, the source of the delay appears to rest rather heavily upon the State. The court then, after colloquy with counsel, continued the case until June 22, 1970, and charged the continuance as being on the motion of counsel for the defendant. On June 22, 1970, the court ordered a continuance until July 2, 1970, with subpoenas as to cause No. 70—1483 only and set cause No. 70—1483 for trial on July 3, 1970.

At the June 22 hearing, the defendant filed a motion to quash arrest and to suppress evidence, in both causes. On September 22, 1970, the State elected to proceed with cause No. 70—1469, after having earlier indicated that a different election would be made. However, the record is unclear as to the outcome of the motion to suppress at that time, but at trial on September 23 and 24, 1970, the judge indicated that it had been denied at the earlier hearing. On September 24, 1970, the defendant moved for discharge under the 120-day statute, and filed new motions to quash, and to suppress. They were argued and denied that day outside of the presence of the jury, and trial began that afternoon. The jury returned a verdict of guilty as to Gen. No. 70—1469 on September 25, 1970.

Section 114—14 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1969, ch. 38, par. 114—14) provides:

"Upon the request of the prosecuting attorney, filed and served upon a defendant not less than 10 days before the trial of such cause, whenever a defendant charged with an offense prohibited by Articles 8 through 33, inclusive, of the 'Criminal Code of 1961' proposes to offer in his defense, testimony to establish an alibi, such defendant shall, not less than 5 days before the trial of such cause, file and serve upon the prosecuting attorney a notice in writing of his intention to assert such alibi, which notice shall include specific information as to the place where the accused maintains he was at the time of the alleged offense and the names and addresses of the witnesses whom the defendant intends to call to establish such alibi defense. The defendant shall not be permitted to introduce evidence inconsistent with such notice unless the defendant establishes to the satisfaction of the court that witnesses to be called and not named in the notice were not known at the time such notice was filed or the court for other good cause permits the notice to be amended. In the event of the failure of a defendant to file written notice as required in this Section, the court may exclude evidence offered by the defendant for the purpose of proving an alibi, if it appears to the court that such evidence takes the State by surprise."

The State claims the right to be informed of any intended alibi defense. In this respect, we must look to the terms of the above statute. According to the statute the prosecuting attorney must file and serve the request upon the defendant no less than 10 days before trial of the cause. While this was not argued by either party, the State cannot be considered as ready for trial on June 15, 1970, when, on that date, it filed a motion which the defendant had 5 days to answer according to the specific statutory language. This, for practical purposes, amounts to a request for a continuance by the State.

After the jury had been picked, but before anything else had occurred, the defendant moved for discharge in Gen. No. 70—1469 for failure to bring him to trial within 120 days of the last delay attributable to him. The following colloquy was then had between the judge and the prosecuting attorney:

"The Court: Okay, motion defendant and this is March 6th. Okay, so let's say the term starts running April 10. ***

Mr. Driscoll: April 10, so assuming—

The Court: Right.

Mr. Driscoll: Then we come up to June 15 which is still within 120 days—

The Court: Okay.

Mr. Driscoll: —of April 10.

The Court: Right.

Mr. Driscoll: So the term did not run on June 15 at that time.

The Court: Right.

Mr. Driscoll: Now, we have to talk about June 15th.

The Court: We are back to June 15 again.

Mr. Driscoll: All right, but I just wanted to show that this chain was broken, the chain of 120 days was broken at that time.

The Court: Agreed, agreed.

Mr. Driscoll: All right. Judge, the same parties are here that were here on June 15, your Honor, myself and Mr. Sammons.

The Court: Right.

Mr. Driscoll: At that time, it was continued on motion State up until June 15 because the defendant had answered ready prior to the 15th of June.

The Court: Right.

Mr. Driscoll: Right. On that day, in response to the defendant being ready for trial, we filed a list of witnesses and a bill of particulars and notice of alibi defense.

The Court: Correct, correct.

Mr. Driscoll: At that time, either the defendant was still ready or he was not ready. By filing this, he was not ready for trial at that time because the defendant, through Mr. Sammons as his counsel, asked for a week to answer and so, therefore, he was not ready and, therefore, he is not answering ready at that time so, therefore, the continuance is a delay caused by the defendant. He could have asked the Court to make it motion State or order of Court but he didn't.

The Court: By the same token, he didn't ask to have any additional information, did he?

Mr. Driscoll: No, but we are entitled to that under the statute just as the defendant is entitled to discovery under the statute, list of witnesses, bill of particulars and the like. It is not a one-sided proposition. There is reciprocity on both sides under the law.

The Court: Well, yes, I suppose that if on June 15 this was marked order of court, the term couldn't have been broken.

Mr. Driscoll: That would be correct, Judge, but this request—

The Court: I don't care about your request. I think based upon what I have heard, the error was made by me and not by Mr. Sammons. I made the error.

Mr. Driscoll: No, Judge. Mr. Sammons—I don't agree with your Honor essentially that there was an error made.

The Court: I say that I made the error and it shouldn't have been motion defendant. It should have been order of Court.

Mr. Driscoll: But that was the way it was. We can't—we are looking back to something that happened on June 15 and there was nothing said at that time by anyone opposing it, that motion defendant, to June 22, and the defendant was either ready or he wasn't ready. By asking for a week to answer which is something we are entitled to, he is not ready. He could have asked the

defendant right then and there.

The Court: Well, you are not ready. You are not any more ready than he is.

Mr. Driscoll: We are not the ones demanding trial. The defendant is the one that demands the trial and the State—when he answers ready, he is ready. The State asked for a continuance on something else but at this time the defendant asked for the continuance by requesting the time. When the defendant answers ready for trial prior to June 15th, he assumes that the State, I would think, your Honor, would assume that the State may request a notice of alibi defense which we are entitled to. By answering ready, they should be ready with their cause.

The Court: Why didn't you ask for that in April or in March?

Mr. Driscoll: Well, Judge, the man wasn't—

The Court: May or June?

Mr. Driscoll: Well, the defendant wasn't arraigned until June. He wasn't indicted until June so, therefore, for that period of time so how would we know the case was even coming here?

The Court: Well, his term wouldn't have been broken if it was order of Court. That is what it should have been and, therefore, I will deny the motion to quash, motion to dismiss. The motion to dismiss is denied.

Mr. Sammons: I don't understand. I don't understand this ruling.

The Court: Okay. That's my ruling. I am denying it. Let's have your next motion."

We, like the defense counsel, do not understand the ruling of the court in that the trial judge set forth his belief that the court had erred in stating that the continuance was on motion of the defendant when, in fact, it was on court order. Upon such factual holding, the defendant was being brought to trial in violation of the statute, yet the court denied the petition for discharge.

Under these circumstances, it appears that the continuance on June 15, 1970, was not in fact attributable to the defendant. That being so, his petition for discharge should have been granted unless it can be said that he waived his statutory right to discharge by his counsel's failure to

object to the court's entry charging the continuance to him. We do not regard such failure as a valid waiver of his right.

It is our view that the finding of waiver in this instance would constitute the type of technical evasion of the defendant's right to a speedy trial by the State, referred to in *People v. Fosdick* (1967), 36 Ill.2d 524. The defendant had been provided with counsel only 7 calendar days earlier, and it would disparage reality to adopt the People's argument that the defendant had a duty to be ready for trial on the 15th of June under these facts. As for the argument that the defendant should not have waited until the jury had been picked to make his petition for discharge, this court has held that in order to avail himself of the protection of the statute, a defendant must make application for discharge prior to conviction. (*People v. House* (1957), 10 Ill.2d 556, 558.) The defendant was arrested and taken into custody on February 21, 1970. He was charged with burglaries which occurred February 18, 1970, was indicted for these burglaries in May, 1970, and was arraigned June 8, 1970. The defendant's jury trial began September 23, 1970. It is undisputed that aside from the June 15, 1970, continuance, no delay had been occasioned by the defendant since April 10, 1970. See *People v. Nunnery* (1973), 54 Ill.2d 372.

It was the failure of the People to more promptly obtain the defendant's indictment and have him arraigned so that counsel could be appointed that caused the delay in this case. Although we find no overt attempt on the part of the State to avoid the 120-day rule in this case, we do point out that the theory advanced by the People could result in the 120-day rule being used as a means of delaying trials through the practice of demanding discovery information instanter from defense counsel who had been appointed late in the 120-day period, so that the term may be broken.

Inasmuch as we find that the defendant was not the

cause of the delay, and that he was not brought to trial within the applicable statutory limits, it is unnecessary to consider the other allegations of error raised. The judgment of the circuit court of Cook County is reversed, and the cause is remanded with directions to enter an order discharging the defendant.

*Reversed and remanded, with directions.*