THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JAMES TERRY, Defendant-Appellee.

(No. 74-108;

Fifth District—November 21, 1974.

William J. Scott, Attorney General, of Chicago, and Richard S. Simpson, State's Attorney, of Lawrenceville (James B. Zagel and Brian A. David, Assistant Attorneys General, of counsel), for the People.

Robert E. Farrell and Richard E. Cunningham, both of State Appellate Defender's Office, of Mt. Vernon (Douglas J. Rathe, Senior Law Student), for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

On February 14, 1973, defendant James Terry was indicted by the grand jury of Lawrence County on two counts of indecent liberties with a child. On November 28, 1973, the Circuit Court of Lawrence County ordered the defendant discharged for want of prosecution. The State has taken this appeal.

In a 2-week period subsequent to the indictment, the defendant filed a series of motions. These consisted of a motion for substitutions of judges, a motion for reduction of bail, a motion for disclosure to the accused, a motion to quash the arrest and suppress evidence, and a motion for a bill of particulars. The trial court granted the motions for substitution of judges and reduction of bail, but held no hearings and made no rulings with respect to the other motions filed by defendant. These motions were still pending at the time defendant was discharged for want of prosecution. Neither the State nor the defendant had ever brought these motions to the court's attention for disposition.

On June 7, 1973, defendant filed a demand for speedy trial. 163 days later defendant filed his petition for discharge. No action was taken by the State or the defendant during the entire 163-day period. When the defendant filed these motions he was chargeable with delay occasioned by them. Also, he had the primary duty of calling up his motion to suppress. However this does not justify inaction on the part of the State. Here the State had ample time to call up the motions after it appeared that defendant was not going to proceed. Over 90 days passed after the last motion was filed before the defendant made his demand for a speedy trial.

The State cites *People v. Ross*, 132 Ill.App.2d 1095, 271 N.E.2d 100 for the proposition that after a motion to suppress is filed the 160-day statute is tolled until the motion is called up by the defendant and the court has ruled on the motion. If that is the holding in *Ross*, we expressly decline to follow it. However we do not so interpret the holding in the *Ross* case and also find the cases completely distinguishable on the facts.

Finding nothing in the record to justify or excuse complete inaction by the State for the full statutory period after the filing of the demand for speedy trial, the judgment of the Circuit Court of Lawrence County is affirmed.

EBERSPACHER and CARTER, JJ., concur.