THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* MIKE NEIDEFFER, Defendant-Appellee.

(No. 74-207; 

Fifth District—February 7, 1975.

Donald E. Irvin, State's Attorney, of Mt. Vernon, for the People.

Stephen P. Hurley and John H. Reid, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the State, pursuant to Supreme Court Rule 604 (Ill. Rev. Stat. 1973, ch. 110A, par. 604), from an order entered by the circuit court of Jefferson County discharging the defendant for want of prosecution. The sole issue raised on appeal is whether any delay occasioned by the defendant effectively tolled the 160-day statutory period.

On September 16, 1972, the defendant was charged by criminal complaint with the offense of unlawful delivery of a controlled substance and was subsequently indicted for that offense. The defendant was released on bail on November 2, 1972, and on February 9, 1973, filed his motion for a speedy trial. The defendant's petition for discharge was filed May 2, 1974. The trial court granted the defendant's petition for discharge, after expressly finding "that as of July 18, 1973, no motions were pending requiring judicial determination, and that from July 18, 1973, to January 24, 1974, no action was taken in this case by either party."

The relevant facts show that the defendant was charged by criminal complaint with the offense of unlawful delivery of "200 grams or more" of a controlled substance. This offense was punishable, upon conviction, by a sentence of 10 years to life imprisonment and a fine not to exceed $200,000. (Ill. Rev. Stat. 1971, ch. 56½, par. 1401(a)(5).) The defendant, without counsel, was brought before the trial court on September 18, 1972, and was advised by the trial court that the punishment "* * * upon conviction shall be imprisonment in the penitentiary one to eight years and fined not more than $15,000.00." The State made no effort to correct this admonition.

On September 21, 1972, the defendant was indicted for unlawful delivery of "less than 200 grams" of a controlled substance in violation of "Paragraph 1401 (a-5), Chapter 56½ Illinois Revised Statutes." On September 22, 1972, the defendant, without counsel, was again brought before the trial court. Although the trial court read aloud the indictment, including the altered language charging defendant with delivery of "less than 200 grams," it assured the defendant that "the body [of the indictment] is the same as the complaint. That is the charging part." The trial court then stated, "Any person who violates this section with respect to (a-5), 200 grams or more * * *, Penalty; any other amount

of a substance is guilty of an offense and upon conviction shall be imprisoned in a penal institution other than the penitentiary for not more than one year or from one to eight years, and fined not more than $15,000." Thereafter the trial court appointed the public defender to represent the defendant.

The only other recorded court proceedings which transpired prior to April 24, 1973, occurred on October 18, 1972. Therein the public defender petitioned the court to reduce defendant's bond; at such time the charge was neither fully stated nor corrected. On April 23, 1973, the State filed a motion to amend the indictment. The State requested that the language of the indictment be changed to state that the defendant's acts were in violation of "Paragraph 1401(d), Chapter 56½ of the Illinois Revised Statutes."

On April 24, 1973, the State appeared in open court and announced that it was ready. Whereupon the defendant made the following declaration,

> "I was informed Saturday that the sentence for sale was four to ten. When I was in front of you before, you told me one to three, and I just found out Saturday that the sentence is four to ten, and no chance of probation, so I went over to Carbondale Monday, and talked to Mr. Briggs, an attorney, and he said he would do the case, and he told me to come back here and get it postponed."

After the trial court contacted Mr. Briggs via the telephone, it noted in the record that Mr. Briggs was now representing the defendant. The trial court then granted the public defender's oral motion to withdraw. The trial court concluded the proceedings by directing that "the record show that Mr. Briggs did request a continuance, and since he has been only in this case since yesterday, a continuance will be granted, Mr. Neideffer, and the case will be reset very shortly. All right." No response appears in the record. The common-law record reflects that the cause was continued generally.

The threshold question before this court is whether the delay resulting from the defendant's request for a continuance on April 24, 1973, was, in fact, "occasioned by the defendant." The State contends that delays occasioned by the defendant effectively tolled the 160-day statutory period. The defendant, on the other hand, contends that the motions and requests which delayed the trial of the instant case, although "superficially" chargeable to him, were occasioned by the State.

Our supreme court approached a similar inquiry in *People v. Nunnery*, 54 Ill.2d 372, 375-76, 297 N.E.2d 129, in the following manner,

> "The controlling question in determining if the defendant was

entitled to discharge under the 120-day rule is whether the delay of the trial beyond 120 days was 'occasioned by the defendant,' and if answered affirmatively, he was not entitled to discharge. 'In determining this question, the criterion in each case is whether the defendant's acts in fact caused or contributed to the delay. In the varied fact situations that involve the 120-day rule, we have carefully examined the facts to prevent a 'mockery of justice' either by technical evasion of the right to speedy trial by the State, or by discharge of a defendant by a delay in fact caused by him.' People v. Fosdick, 36 Ill.2d 524, 528-29."

■■ Generally, a delay caused by a motion of the accused or the granting of his motion is occasioned by him and so tolls the running of the statutory period within which he must be brought to trial. (People v. Hamby, 27 Ill.2d 493, 190 N.E.2d 289.) Of course, a delay must, in fact, occur as a direct consequence of the defendant's actions for the defendant to be chargeable. (People v. Gooding, 21 Ill.App.3d 1064, 316 N.E.2d 549; People v. Markword, 108 Ill.App.2d 468, 247 N.E.2d 914.) Moreover, where the motions of the defendant are necessitated by the State's dilatory actions, the delay is "occasioned by the defendant" only if said defendant fails to act diligently. (See People v. Shields, 58 Ill.2d 202, 317 N.E.2d 529. See also People v. Sharos, 24 Ill.App.3d 265, 320 N.E.2d 351.) Similarly, a delay caused by the inadvertence of the trial court is not to be ascribed to the defendant (People v. Wyatt, 24 Ill.2d 151, 180 N.E.2d 478; People v. House, 10 Ill.2d 556, 141 N.E.2d 12) absent a showing that the resulting delay is otherwise caused by the defendant (see People v. Rogers, 70 Ill.App.2d 474, 217 N.E.2d 344).

In the instant case the defendant was misinformed by the trial court regarding the possible penalty for the offense for which he was charged. The trial court on two separate occasions informed the defendant, appearing without the aid of counsel, that the penalty, upon conviction, for a violation of section 401(a)(5) of the Controlled Substances Act (Ill. Rev. Stat. 1971, ch. 56½, par. 1401(a)(5)) was 1 to 8 years' imprisonment and a fine not to exceed $15,000. The State, present on both occasions, neglected to correct such admonitions, preferring, instead, to stand mute. We will not speculate whether the public defender corrected this error, since the defendant's statement of April 24, 1973, that he had only recently been advised of the proper penalty for a violation of section 401(a)(5), stands uncontradicted. Nor will we speculate whether the defendant would have entered a plea of guilty to the indictment, continued to retain the public defender or otherwise altered his defense if the penalty for a violation of section 401(a)(5) was a sentence of 1

to 8 years' imprisonment. The defendant had a right to be advised of the correct penalty for the offense for which he stands accused. If not, the defendant is forced to predicate his actions upon knowledge which the law does not presume of him. Under such circumstances the defendant's actions cannot be said to have been made with even a reasonable understanding of their consequences, as required under our system of jurisprudence.

The fact that the State's attempted amendment to the indictment would have corrected the trial court's erroneous admonitions occurred only after the indictment returned by the grand jury, which had remained unamended for 7 months, prompted the defendant to seek private counsel.

■■ The responsibility of the trial court to correctly admonish the defendant and the consequences of any delay caused thereby cannot, in good conscience, be ascribed to the defendant, especially when the defendant appears without aid of counsel. We, therefore, conclude that the record before us contains sufficient facts from which the trial court could have concluded that the April 24 continuance, although requested by the defendant, was not occasioned by defendant.

■■ Even if we were to hold that the delay caused by the April 24 continuance was occasioned by the defendant, that does not, ipso facto, toll the running of the statutory period indefinitely or require a new demand. (*People v. Cornwell,* 9 Ill.App.3d 799, 293 N.E.2d 139.) As this court stated in *People v. Terry,* 24 Ill.App.3d 197, 198, 321 N.E.2d 21, 22;

> "When the defendant filed these motions he was chargeable with delay occasioned by them. Also he had the primary duty of calling up his motions to suppress. However, this does not justify inaction by the State. Here the State had ample time to call up the motions after it appeared that the defendant was not going to proceed."

After the continuance granted by the trial court on April 24, 1973, the defendant filed a discovery motion. The State complied with the motion on July 18, 1973. From July 18, 1973, until January 24, 1974, when the State filed a motion for discovery and a motion to produce alibi witnesses, a period in excess of 160-days, the State remained entirely inactive with respect to the instant case. The trial court found that as of July 18, 1973, no motions requiring judicial determination were pending. In view of this express finding and our failure to discover anything in the record to justify or excuse the complete inaction by the State for the full statutory period, we would be inclined, on this basis alone, to affirm the trial court's discharge of the defendant.

We note in passing that the State's argument that the defendant's

actions in the spring of 1974 tolled the statutory period is devoid of any merit, since the 160-day period had already expired. See *People v. Yates*, 17 Ill.App.3d 765, 308 N.E.2d 679.

Therefore, in accordance with the foregoing, we affirm the order entered by the circuit court of Jefferson County discharging the defendant.

Order affirmed.

JONES, P. J., and CARTER, J., concur.