THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* RAYMOND PAUL WEY, Defendant-Appellee.

(No. 12975;

Fourth District—January 14, 1976.

Paul R. Welch, State's Attorney, of Bloomington (G. Michael Prall and Kai A. Wallis, both of Illinois State's Attorneys Association, of counsel), for the People.

Richard J. Wilson, of State Appellate Defender's Office, of Springfield, for appellee.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

The prosecution appeals from an order of the trial court which discharged defendant for failure to bring him to trial within the period prescribed in section 103—5(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(a)). We affirm.

On May 8, 1974, defendant was taken into custody upon a charge of burglary. On July 26, the case was called for jury trial and the prosecution's motion to amend the indictment was denied. His motion to *nolle pros* was granted and defendant was discharged. He had been in custody then for 75 days.

Defendant was re-indicted for the same burglary on August 9, 1974, and was taken into custody on August 16. On October 10, the motion of defendant for discharge, filed October 4, made under the statute (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(a))[1] was granted.

The second period of incarceration covered 56 days. In total, he was held in custody 131 days without trial.

The issue presented is whether the statutory period was tolled by defendant's discharge following the entry of *nolle pros* so that the initial period of 75 days in custody was not to be counted in computing the 120 days within which the defendant must be brought to trial.

Analogous facts appear in *People v. Placek*, 25 Ill.App.3d 945, 323 N.E.2d 410. There the court stated that there was no suggestion that the *nolle pros* was an attempt to evade the 120-day rule, but found, however, that there was no demand for immediate trial by the defendant which initiated the operation of the statute. Thus the issue was not reached for determination. In *People v. McAdrian*, 52 Ill.2d 250, 287 N.E.2d 688, defendant was discharged after a finding of no probable cause. Again, the issue as to whether such discharge tolled the running of the statute was not reached, for the court concluded that the issue was waived since

---

[1] "Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant."

it appeared that in the trial court the prosecution had only argued the absence of a demand for speedy trial. The order for discharge was affirmed.

In *People v. Hamby*, 27 Ill.2d 493, 190 N.E.2d 289, and *People v. Stuckey*, 83 Ill.App.2d 137, 227 N.E.2d 135, the defendant was convicted upon a second indictment for the same offense after dismissal of an initial indictment. Such trials were at times beyond the end of the statutory period. It was held in each case, however, that the delay was occasioned by acts attributable to defendant and the denial of discharge was affirmed. These cases say that the delay attributable to the defendant will toll the statute unless it appears that the *nolle pros* and reindictment were solely for purposes of evading the statute. In *People v. Nelson*, 129 Ill.App.2d 92, 262 N.E.2d 505, the prosecution dismissed the indictment and the case was tried upon a re-indictment. The issue was controlled, however, by section 103—5(e) of the Code of Criminal Procedure (Ill. Rev. Stat. 1969, ch. 38, par. 103—5(e)) relating to persons in custody upon simultaneous charges.

■■ The Supreme Court has stated criteria for determining whether an accused is entitled to discharge under the statute:

> "In determining this question, the criterion in each case is whether the defendant's acts in fact caused or contributed to the delay. In the varied fact situations that involve the 120-day rule, we have carefully examined the facts to prevent a 'mockery of justice' either by technical evasion of the right to speedy trial by the State, or by a discharge of a defendant by a delay in fact caused by him."

*People v. Fosdick*, 36 Ill.2d 524, 528-29, 224 N.E.2d 242; *People v. Shields*, 58 Ill.2d 202, 317 N.E.2d 529.

There is no contention that the defendant here, in fact, contributed to cause the delay and there is no suggestion the defendant manipulated the proceedings to escape actual ultimate prosecution. *People v. Shields*, 58 Ill.2d 202, 317 N.E.2d 529; *People v. Nunnery*, 54 Ill.2d 372, 297 N.E.2d 129; *People v. Neideffer*, 25 Ill.App.3d 819, 324 N.E.2d 46; *People v. Ward*, 13 Ill.App.3d 745, 301 N.E.2d 139, and *People v. Scott*, 13 Ill.App.3d 620, 301 N.E.2d 118.

Here, as in *Shields*, it cannot be said that the *nolle pros* and re-indictment is shown in the record to be an overt designed attempt to evade the statute. As said in *Stuckey*, however, the statute refers to the date of commitment to the date of trial. It does not refer to the date of the indictment. It appears that the enforcement of the statute is not correlated to the sufficiency of the indictment.

■■ Defendant had been in custody for 75 days at the time the prose-

cution dismissed the initial indictment. Following defendant's arrest after re-indictment, there remained 45 days in which he might be brought to trial. This was not done and it does not appear that such was attempted to be done. Under the statute the defendant is entitled to discharge unless the failure to be brought to trial is properly attributable to him. (*People v. Spicuzza*, 57 Ill.2d 152, 311 N.E.2d 112, and *People v. Shields*, 58 Ill.2d 202, 317 N.E.2d 529.) Upon the facts the discharge of defendant under the statute does not produce that "mockery of justice" which is proscribed in *Fosdick* and *Shields*.

The judgment is affirmed.

Affirmed.

CRAVEN and GREEN, JJ., concur.