THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOHN OAKLEY, Defendant-Appellant.

Fifth District   No. 80—550

Opinion filed September 10, 1982.

WELCH, J., dissenting.

Daniel D. Yuhas and Gary S. Rapaport, both of State Appellate Defender's Office, of Springfield, for appellant.

Martin N. Ashley and Raymond F. Buckley, Jr., both of State's Attorneys Appellate Service Commission, of Mt. Vernon, for the People.

JUSTICE KASSERMAN delivered the opinion of the court:

Defendant, John Oakley, was found guilty of armed robbery and unlawful use of weapons after a jury trial in the circuit court of Williamson County. While defendant assigns various errors in the course of the trial, we need only consider defendant's contention that he was denied his right to a speedy trial.

The operative facts concern the armed robbery of the 7-11 store in Herrin, Illinois, by defendant's juvenile brother, who was apprehended while leaving the store. The brother was wearing a stocking mask with eye holes and was carrying a loaded sawed-off shotgun. Defendant was charged with accountability for the brother's acts for allegedly cutting the eyeholes in the cap and helping cut off the shotgun barrel.

Originally, defendant and John Spiller were to be jointly tried. According to defendant's motion for discharge and the arrest warrant of record, defendant was arrested on January 30, 1980. He was in custody until his trial. Orders directing the parties to comply with discovery were filed February 8; the order directed to the State recited that compliance should be within 30 days of receipt of the order. The State's discovery answer was filed May 15. It included the substance of a statement allegedly made by defendant to police on February 6. According to the docket sheet, as of May 15 the joint trial was set for May 21. Defendant's motion to sever, filed May 19, alleged that his defense and Mr. Spiller's were antagonistic. Mr. Spiller's motion to have his name deleted from defendant's statement to police was filed May 20. At a motion hearing held that day, defendant and Mr. Spiller agreed to the assessment of a six-day delay against each of them and stated they would be ready for trial on May 27. Also on May 20, defendant withdrew his motion to sever.

Defendant's motion to suppress his February 6 statement was denied after a hearing on May 23. Mr. Spiller's motion to strike all references to himself from defendant's February 6 statement was also heard that date, as was the State's motion to sever based on the February 6 statement. The court suggested that defendant's statements be redacted to remove references to Mr. Spiller. Defendant's counsel replied:

> "Your Honor, the Defendant, John Oakley is going to object to any rephrasing of the statement. If this statement is going to come in, we wish it to come in in its original, pristine form, both of them and we're going to object to any rephrasing and inform the Court that if it comes in, in a redacted form, in cross examination, we're certainly going to bring out the gist of it. We fully intend to and will do so."

The court granted the State's motion for severance, explaining that the above-quoted statement of counsel indicated that a redaction of defendant's statement would be futile. The State suggested that defendant be tried first, as he was arrested one day earlier than Mr. Spiller. The court ordered that Mr. Spiller be tried first and noted that he was "hereby assessing a sixty day delay against the defendant *** ."

Defendant filed supplemental answers to discovery on May 23 and June 2. On June 17 defendant moved as an indigent that he be provided with a transcript of certain testimony from Mr. Spiller's trial.

Defendant's motion for discharge on the grounds that he was not given a speedy trial was heard and denied July 14. The court stated that the usual practice in Williamson County was to set the trial call over a month in advance. The court remarked that at the time of the instant suppression hearing, the trial call for June was already full, requiring that defendant's trial be held in July. The judge observed that he had ordered Mr. Spiller tried first because Mr. Spiller was not to blame because he had not resisted redaction of defendant's statement.

Defendant's trial began on July 16. The judge presiding at trial and at the post-trial motion was not the judge who ruled on the pretrial motions including motions for suppression, severance, and speedy-trial discharge. The court apologized to the jury for "the confusion around here," observing that this would be "the first time that we have had three jury trials going at the same time."

In denying defendant's post-trial motion, the judge observed that he personally handled the setting of criminal trials and that it was his practice to set them at least 30 days in advance. The court stated that

as of the suppression hearing, the July docket was the earliest open docket unless some June settings were canceled, possibly creating speedy trial problems with respect to other defendants. The court stated that in its opinion, this was probably the reason the other judge had assessed a 60-day delay. The court stated that had there been no objection to redaction of defendant's statement, joint trial could have taken place in May as planned; therefore, it concluded, the delay was properly assessed to defendant.

Section 103—5 of the Code of Criminal Procedure of 1963 requires, subject to certain exceptions, that a person in custody be tried within 120 days from the date he was taken into custody or else discharged. (Ill. Rev. Stat. 1981, ch. 38, par. 103—5.) The only exception urged by the State is "unless delay is occasioned by the defendant." Ill. Rev. Stat. 1981, ch. 38, par. 103—5(a).

Defendant was arrested on January 30. Day 120 of his confinement, excluding the day of arrest (see *People v. Walton* (1969), 110 Ill. App. 2d 115, 118, 249 N.E.2d 170, 171) was May 30. However, since defendant agreed to assessment of a six-day delay against him, day 120 for purposes of section 103—5(a) was June 5. The State's motion for severance was granted May 23, day 107 of the statutory period. The State's discovery answer, including defendant's alleged February 6 statements to police, was filed May 15, day 105 of defendant's incarceration.

Defendant argues on appeal that the actual reason he was not tried within 120 days was the State's tardy disclosure of his statement, which revealed a *Bruton* problem. (*Bruton v. United States* (1968), 391 U.S. 123, 20 L. Ed. 2d 476, 88 S. Ct. 1620.) Defendant also argues that the court erred: (1) in concluding that defendant's objection to redaction of his statement was tantamount to a motion for severance; and (2) in concluding that two jury trials could not be convened in the remaining time. The State argues that the delay caused by the severance was properly attributed to defendant since severance was unnecessary absent defendant's announced intention to violate any redaction order.

The burden is on the State to take the steps necessary to bring about a prompt trial. (*People v. McRoberts* (1977), 48 Ill. App. 3d 292, 295, 362 N.E.2d 1096, 1098.) It is the defendant's burden to show that his right to a speedy trial has been violated, and this burden includes a demonstration that defendant caused no delay, which fact must be affirmatively established by the record. (*People v. Boyce* (1977), 51 Ill. App. 3d 549, 554, 366 N.E.2d 914, 918.) A delay chargeable to defendant must occur as a direct result of the defendant's

actions. (*People v. Neideffer* (1975), 25 Ill. App. 3d 819, 822, 324 N.E.2d 46, 49.) Where there are two reasons for a delay, one due to the State and the other due to the defendant, the fact that the delay was partly attributable to the defendant is sufficient to toll the statutory term. *People v. Boyce.*

We do not consider the State's motion for severance or the court's suggestion of redaction of defendant's statement chargeable to defendant. The fact that the motion to sever was the State's is not controlling in that regard. (*People v. Boyce.*) However, it was codefendant Spiller's right of confrontation under *Bruton v. United States* which was in question, not defendant's. The State's motion for severance was made to protect Mr. Spiller, as was the court's suggestion that defendant's statement be redacted. Further, regardless of whether the State is to be faulted for failure to disclose defendant's alleged statement to police sooner, the fact that the problem was not disclosed until May 15 cannot be attributed to defendant.

The parties differ as to the interpretation to be placed upon defendant's counsel's above-quoted comment which precipitated the severance. The State urges that the comment evinced counsel's intent to defy any protective order by the court with respect to redaction. Defendant urges that he was merely objecting with an eye to preserving any error for appeal. We cannot conclude that counsel's comments occasioned the delay in question. We are of the opinion that we must presume the efficacy of contempt sanctions and disciplinary proceedings as a deterrent to counsel's deliberate violation of an order of the trial court. We will not presume on the basis of counsel's comments that counsel would have violated the court's order. It would be a "mockery of justice" indeed to permit the State to evade defendant's right to a speedy trial based on speculation that unlawful conduct might occur in the future. See *People v. Fosdick* (1967), 36 Ill. 2d 524, 529, 224 N.E.2d 242, 246.

Finally, the State suggests that the smallness of the county involved should be considered an excusing factor with respect to section 103—5. Section 103—5 does not provide for such an exception. Further, assuming that the county could not hold simultaneous jury trials, that situation was not "occasioned" by defendant. We conclude that the legislature did not intend to dilute an accused's speedy trial right based on the size or resources of the county in question. In any event, it appears that with reasonably prompt disclosure by the State to Mr. Spiller of defendant's statement, the county's scheduling constraints could have been accommodated without delaying defendant's trial unduly.

We note that defendant made supplemental disclosures to the State on May 23 and June 2, and requested a transcript of certain testimony from Mr. Spiller's trial on June 17. We do not regard those matters as having any effect on the date of defendant's trial. With respect to filings by defendant after May 27, we note that those filings would have been unnecessary had defendant been tried on May 27 as planned.

For the foregoing reasons, we conclude that the delay in question was not "occasioned" by defendant and will not excuse the State's burden to try defendant in compliance with section 103—5. The trial court erred in denying defendant's motion for discharge. The judgment of the circuit court of Williamson County is reversed.

Reversed.

JONES, J., concurs.

JUSTICE WELCH, dissenting:

The issue addressed in this case is whether the delay between the granting of the State's motion for severance and the defendant's July 1980 trial may be attributable to the defendant. The majority is correct that a delay partially due to the actions of the defendant is chargeable to him (People v. Boyce (1977), 51 Ill. App. 3d 549, 366 N.E.2d 914), but the majority neglects to mention that the trial court's decision to charge or not to charge that delay to the defendant should be upheld absent a clear abuse of discretion (People v. Cunningham (1979), 77 Ill. App. 3d 949, 396 N.E.2d 876; People v. Wilkins (1979), 77 Ill. App. 3d 179, 395 N.E.2d 1036).

The full exchange between defendant's counsel and the court at the hearing at which the severance was granted was as follows:

"DEFENSE COUNSEL: Your Honor, the defendant, John Oakley is going to object to any rephrasing of the statement. If this statement is going to come in, we wish it to come in in its original, pristine form, both of them and we're going to object to any rephrasing and inform the Court that if it comes in, in a redacted form, in cross-examination, we're certainly going to bring out the gist of it. We fully intend to and will do so.

THE COURT: You intend then to bring out reference to John Spiller?

DEFENSE COUNSEL: Yes, sir.

THE COURT: And you will name him?

DEFENSE COUNSEL: Yes, sir.

THE COURT: You will? The Motion for Severance is granted."

Before this hearing, the court intended to hold a joint trial of the defendant and Spiller, and direct that the defendant's statement be redacted. After defense counsel's emphatic demonstration of his intent to undermine any redaction, to the great prejudice of Spiller, the court felt that it had no choice but to sever the trials. Under these circumstances, I cannot say that the court clearly abused its discretion in finding that "the defendant's acts in fact caused or contributed to the delay" due to the severance (*People v. Fosdick* (1967), 36 Ill. 2d 524, 529, 224 N.E.2d 242, 246), and therefore I must dissent from the decision of the majority.